No. 3--99--0924

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2000

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of the 12th Judicial Circuit,

 ) Will County, Illinois

Plaintiff-Appellee, ) 

 )

v. ) No. 96--CF--5047

 ) 

MICHAEL CHEEKS, ) Honorable

                                ) Amy Bertani-Tomczak

Defendant-Appellant. ) Judge, Presiding

_________________________________________________________________

JUSTICE HOLDRIDGE delivered the opinion of the court:

_________________________________________________________________

Michael Cheeks was convicted of first degree murder and home invasion (720 ILCS 5/9--1(a)(1), 12--11(a)(2) (West 1996)) in the Will County circuit court.  He subsequently filed a 
pro
 
se
 post-conviction petition claiming, 
inter
 
alia
, that his trial attorney was ineffective for failing to reveal perjury by the State’s key witness.  The court summarily dismissed the petition.

Cheeks now asserts that his post-conviction petition should have been considered as raising a perjury claim under section 2--1401 of the Code of Civil Procedure (the Code) (735 ILCS 5/2--1401 (West 1998)).  We agree and remand for such consideration.

BACKGROUND

The evidence presented at Cheeks’ bench trial showed that he and Maria Brown lived together at a residence leased by Brown.  In the early morning hours of September 23, 1996, Cheeks entered the residence and found Brown with another man, Derrick Peterson.  The State offered evidence that Cheeks entered through a kitchen window.  A struggle ultimately ensued in which he fatally stabbed Peterson.

Brown testified that Cheeks was the father of one of her children.  She said Cheeks moved out of the residence on August 30, 1996, at her request.  However, he "moved himself back into the house" about a week later.  According to Brown, she did not give Cheeks permission to return, and she "consider[ed] him not living at [the] house" as of August 30.  Despite that testimony, she acknowledged that she made no effort to have him removed from the residence after he returned.

On cross-examination, Brown was questioned about a letter she wrote to Cheeks before his trial.  In the letter, she asked, "Why did you come home?" and stated: "I must make you pay for what you did when I take the stand."  She also stated: "What the jury is going to think of you when I leave the stand is that you deserve life, so good luck for nothing."

In his post-conviction petition, Cheeks identified several alleged errors and asserted that they showed his trial attorney’s ineffectiveness.  For instance, he alleged that his home invasion conviction was improper because he lived in the home he supposedly invaded.  He also alleged that the primary basis for his home invasion conviction was Brown’s false testimony that he did not live with her.  He attached copies of two letters he claimed to have received from Brown after his trial.  The first letter read: "[W]ho knows maybe if I had told the truth about you living [there] you wouldn’t have so much time, but I seen a way to get you out of my life and I took it."  The second letter read: "[O]h and no hard feelings about you not living [there] you see I wanted you to go to jail and if I had actually let someone know that you was living [there] you may have not went."

Cheeks did not assert that the State knowingly used perjured testimony from Brown.  He did request that counsel be appointed to assist him.  Without acting on that request, the circuit court dismissed his petition as patently without merit, noting that it did not raise a constitutional claim upon which post-conviction relief could be granted.

In this appeal, Cheeks claims that the court should have considered his post-conviction petition as raising a perjury claim under section 2--1401 of the Code.

ANALYSIS

The Post-Conviction Hearing Act (the Act) (725 ILCS 5/122--1 
et
 
seq.
 (West 1998)) provides a remedy for defendants whose convictions are tainted by a substantial denial of their constitutional rights.  725 ILCS 5/122--1(a) 
(West 1998).  Since the Act requires a constitutional question, a perjury claim made without an assertion that the State knowingly used the perjured testimony cannot invoke post-conviction relief.  
People v. Brown
, 169 Ill. 2d 94, 660 N.E.2d 964 (1995) (noting that constitutional rights are not implicated without State subornation of the perjury).  However, this fact does not eliminate hope of a remedy for defendants who make such claims.  Section 2--1401 of the Code provides a means of obtaining relief from judgments that are based on false testimony (
People v. Steidl
, 142 Ill. 2d 204, 568 N.E.2d 837 (1991)) without proof that the State knowingly used the testimony (
Brown
, 169 Ill. 2d 94, 660 N.E.2d 964).

In 
Brown
, the circuit court summarily dismissed the defendant’s 
pro
 
se
 post-conviction petition which alleged that one of the State’s witnesses committed perjury.  The defendant did not assert that the State knowingly used the perjured testimony.  Thus, our supreme court concluded that his petition did not warrant post-conviction relief and affirmed the dismissal.  The defendant also claimed that the circuit court should have considered his perjury claim under section 2--1401.  Although noting that section 2--1401 provided a remedy, the supreme court deemed the defendant’s claim as waived because he raised it for the first time in his reply brief.  See 145 Ill. 2d R. 341(e)(7).  Three justices dissented, contending that "[a]t a minimum, the circuit court should have treated the petition as having been brought under section 2--1401."  
Brown
, 169 Ill. 2d at 109, 660 N.E.2d at 971 (Harrison, J., dissenting).

In the instant case, Cheeks’ remedy for Maria Brown’s alleged false testimony clearly lies under section 2--1401.  He does not have the waiver problem presented in 
Brown
 because he asserted 
in his initial brief that his post-conviction perjury claim should have been considered under section 2--1401.  As Justice Harrison noted in 
Brown
, we note that "[a]lthough [Cheeks] did not expressly invoke [section 2--1401] in the circuit court, he was proceeding 
pro
 
se
 and was not afforded the assistance of counsel."  
Brown
, 169 Ill. 2d at 109, 660 N.E.2d at 971 (Harrison, J., dissenting).  We believe it would be inappropriate to deny Cheeks an opportunity to pursue the applicable remedy merely because he did not understand the law well enough to bring his claim under the Code rather than the Act.  Accordingly, we remand for consideration of his perjury claim under section 2--1401 of the Code.

We realize that Cheeks drafted his post-conviction petition in terms of ineffective assistance of counsel.  However, that fact does not require us to divine a perjury claim from his allegations.  The petition clearly reflects his assertion that he would not have been convicted of home invasion if Maria Brown had not lied about him living in the home he supposedly invaded.

CONCLUSION

For the foregoing reasons, the judgment of the Will County circuit court is reversed and this
 cause is remanded for consideration of Cheeks’ perjury claim under section 2--1401 of the Code.

Reversed and remanded with directions.

SLATER and LYTTON, JJ., concur.