THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THEODORE KNOX, Defendant-Appellant.

Second District    No. 2—01—0858

Opinion filed January 17, 2003.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KAPALA delivered the opinion of the court:

Defendant, Theodore Knox, appeals from the denial of his "motion to vacate unconstitutional and void judgments." On appeal, he argues that his motion was in substance a petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 et seq. (West 2000)) and that the trial court erred in considering the State's argument before deciding whether the "postconviction petition" was frivolous or patently without merit. We affirm.

Defendant's convictions stemmed from the shooting deaths of Santos Escobedo and Domingo Garcia, Jr. A jury found defendant guilty of two counts of first-degree murder (Ill. Rev. Stat. 1987, ch. 38,

par. 9—1(a)(3) (now 720 ILCS 5/9—1(a)(3) (West 2000))) and two counts of armed violence (Ill. Rev. Stat. 1987, ch. 38, par. 33A—2 (now 720 ILCS 5/33A—2(a) (West 2000))). The trial court vacated the armed violence convictions and on the murder convictions imposed a mandatory life sentence pursuant to section 5—8—1(a)(1)(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(1)(c) (now 730 ILCS 5/5—8—1(a)(1)(c)(ii) (West 2000))). Defendant appealed, and this court affirmed. *People v. Knox*, 241 Ill. App. 3d 205 (1993).

In 1993, defendant filed a *pro se* petition seeking relief under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1992)) or alternatively under the Act. The petition alleged that the State and its key occurrence witness misled the jury about the plea agreement that led to the witness's testimony. The trial court dismissed the petition as frivolous and patently without merit, and this court affirmed. *People v. Knox*, No. 2—93—0763 (1995) (unpublished order under Supreme Court Rule 23).

On June 21, 2001, defendant filed a "motion to vacate unconstitutional and void judgments" alleging that his mandatory life sentence violated the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Defendant's motion did not cite or refer to the Act. During the preliminary hearing, the trial court stated, "Defendant has filed a motion. I will continue it *** to give the State an opportunity to review it." During the hearing on the motion the following exchange occurred:

"THE COURT: I don't think this is a post-conviction petition. I have not seen anything with respect to that. It's just a motion.

MR. NEWSOME [assistant State's Attorney]: Just a motion, Judge. I think it would be not timely.

THE COURT: What's the State's position?

MR. NEWSOME: Judge, we would say it is not a recognized motion of any type. It's past the two-year time limit, and as a post-conviction petition, he hasn't done the necessary required conditions for filling [*sic*] *** under [725] ILCS 5/122—1(b), which would be filing a petition with a copy verified by affidavit and serving that copy on the State's Attorney's Office, and he must specify in the petition heading that it's filed under the post-conviction petition section. He has not done that.

THE COURT: Even so, I don't think Apprendi applies. The defendant received a life sentence for killing two persons, and that fact was considered by the jury.

MR. NEWSOME: That would also be correct.

THE COURT: Even so, I am not saying it is the right motion. I will dismiss it based upon that."

The trial court denied the motion, and defendant timely appealed.

■ The Act provides a remedy for defendants whose convictions are tainted by a substantial denial of their constitutional rights. *People v. Cheeks*, 318 Ill. App. 3d 919, 921 (2001). It prescribes a three-step process for adjudicating postconviction petitions. During the first step, the trial court must determine, within 90 days after the petition is filed and docketed, whether the petition is frivolous or patently without merit. 725 ILCS 5/122—2.1(a)(2) (West 2000). The trial court evaluates the petition without further input from the petitioner or participation by the State. *People v. Scullark*, 325 Ill. App. 3d 876, 879 (2001).

If the court finds that the petition is either frivolous or patently without merit, the court must, in a written order, dismiss the petition. 725 ILCS 5/122—2.1(a)(2) (West 2000). To survive past stage one, the petition need assert only the gist of a constitutional claim. *Scullark*, 325 Ill. App. 3d at 879. A dismissal during the first stage is improper if the trial court relied on input from the State. See *People v. Gaultney*, 174 Ill. 2d 410, 419-20 (1996).

■ On appeal, defendant argues that his motion was in substance a postconviction petition and therefore that the trial court erred in considering the State's argument before deciding whether the "petition" was frivolous or patently without merit. Courts have recognized that when a *pro se* defendant collaterally attacks his conviction and alleges a deprivation of constitutional rights cognizable under the Post-Conviction Hearing Act, the trial court should treat it as such. *People v. Gandy*, 227 Ill. App. 3d 112, 139 (1992). The Act was amended in 1997, however, and now provides:

> "A person seeking relief by filing a petition under this Section must specify in the petition or its heading that it is filed under this Section. A trial court that has received a petition complaining of a conviction or sentence that fails to specify in the petition or its heading that it is filed under this Section need not evaluate the petition to determine whether it could otherwise have stated some grounds for relief under this Article." 725 ILCS 5/122—1(d) (West 2000).

■ Defendant's motion did not indicate in any way that it sought relief under the Act. Thus, under the plain language of section 122—1(d), the trial court was not required to treat the motion as a postconviction petition.

Defendant responds that section 122—1(d) violates the separation of powers provision of the Illinois Constitution (Ill. Const. 1970, art. II, § 1). It is well settled, however, that the constitutional authority to promulgate procedural rules can be concurrent between the courts

and the legislature. *In re S.G.*, 175 Ill. 2d 471, 487 (1997). In deciding whether a statute addressing judicial practice or procedure is constitutional, the courts analyze whether the statute conflicts with any court rules or unduly infringes upon inherent judicial powers. *S.G.*, 175 Ill. 2d at 487.

Defendant does not suggest that section 122—1(d) violates a supreme court rule. Moreover, the statute does not prohibit the court from considering an unlabeled filing as a postconviction petition. Because the statute effectively grants the trial court the discretion to decide whether to treat an unlabeled filing as a postconviction petition, it is difficult to conclude that the statute unduly infringes on inherent judicial powers.

Here, the trial court was free to treat the motion as something other than a postconviction petition. We cannot say the court erred by doing so. Although the motion alleged a violation of defendant's due process rights, it did not state that it sought relief under the Act. In addressing the timeliness of his claim, defendant used the law governing federal *habeas corpus* petitions as an analogy. Defendant had invoked the Act back in 1993, and the trial court reasonably could have found that defendant did not intend to file a second petition. See *People v. Jones*, 191 Ill. 2d 194, 198 (2000) (the Act contemplates the filing of only one postconviction petition). Therefore, defendant cannot complain that the trial court failed to follow the Act's procedures.

Defendant does not challenge the trial court's ruling on the merits of his motion. Therefore, we limit our decision to the issue raised on appeal and conclude that the trial court did not err in considering input from the State before ruling on defendant's motion.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

BOWMAN and GROMETER, JJ., concur.