**Miguel VASQUEZ, Petitioner,**

v.

**Michael PARROTT, Respondent.**

**Docket No. 02–3610.**

United States Court of Appeals, Second Circuit.

Argued: Oct. 15, 2002.

Decided: Jan. 29, 2003.

Miguel Vasquez, pro se (incarcerated), Riverview Correctional Facility, NY, Petitioner.

Beth J. Thomas, Assistant Attorney General, State of New York, New York City, NY, for Respondent.

Before: LEVAL, CALABRESI, and B.D. PARKER, Jr. Circuit Judges.

LEVAL and CALABRESI, Circuit Judges.

Petitioner Miguel Vasquez ("Petitioner"), *pro se* and incarcerated, moves for leave to file a successive § 2254 habeas corpus petition in district court. At issue is whether this petition is properly construed as a "second or successive habeas corpus application under section 2254" within the meaning of 28 U.S.C. § 2244, as

amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). There is no question that Vasquez filed a previous petition, which he designated as brought under § 2254. The original petition, however, did not seek to set aside his conviction; it sought release from detention on account of unreasonable delay in state appellate review. We hold that his first petition did not count in determining whether a later petition would be "second or successive" within the meaning of § 2244. The new petition is therefore not a second or successive petition for purposes of the AEDPA. It follows that Petitioner does not require leave of this Court to file his new § 2254 petition with the district court.

## BACKGROUND

In December of 1996, Petitioner was convicted of robbery and sentenced in state court. He appealed on two grounds, contending that his trial counsel was ineffective for not adopting Petitioner's *pro se* motion to dismiss the indictment, and that his trial counsel acted under a conflict of interest due to a disciplinary complaint that Petitioner had lodged against him. In December of 1999, more than three years after his conviction, his appeal to the New York State Supreme Court, Appellate Division, remained undecided. At that time, Petitioner filed his first federal habeas complaint, which he designated as filed under § 2254. He contended in the petition that the delay in adjudicating his appeal violated "my rights to a speedy appeal and/or due process." Noting that he would soon complete the minimum term of his sentence, he sought release from custody. In October of 2001, while the federal petition was pending, the state court decided Petitioner's appeal, affirming his conviction. *See People v. Vasquez*, 287 A.D.2d 334, 731 N.Y.S.2d 167 (N.Y.App.Div.2001). In February of 2002, the federal magis-

trate judge to whom the federal petition had been referred for report and recommendation recommended that the district court find a due process violation. *See Vasquez v. Reynolds*, 2002 WL 417183, at *2 (S.D.N.Y.2002). The district court rejected the magistrate judge's recommendation and denied the petition; an appeal of that decision is pending before this court.

Six months later, in September of 2002, Petitioner filed the present petition. This petition, in contrast to the first, seeks to set aside his conviction. He asserts, as he did in his direct appeal, that his conviction was obtained in violation of his constitutional rights because he received ineffective assistance of counsel and because he was represented by a conflicted attorney. If this petition is a "second or successive habeas corpus application under section 2254" within the meaning of 28 U.S.C. § 2244, it may not be filed without leave of this court under the stringent standards set by that section. If the petition is not "second or successive," it may be filed without need for the permission of this court. We must therefore now decide whether this petition is a "second or successive petition" within the meaning of the AEDPA.

## DISCUSSION

■ While the AEDPA "sets procedures for filing a successive petition, . . . it does not define 'successive.'" *Thomas v. Superintendent/Woodbourne Corr. Fac.*, 136 F.3d 227, 229 (2d Cir.1997) (per curiam). As we recently explained, "[c]ourts have uniformly rejected a literal reading of Section 2244, concluding that a numerically second petition does not necessarily constitute a 'second' petition for the purposes of AEDPA." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir.2002). See also, for example, *In re Cain*, 137 F.3d 234, 235 (5th Cir.

1998) (per curiam) ("[A] prisoner's application is not second or successive simply because it follows an earlier federal petition."). In other words, while prisoners are generally restrained from the filing of repetitious petitions for habeas corpus under the doctrine forbidding "abuse of the writ," see *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), the particular restrictions imposed by § 2244 apply only if the petitioner has filed at least two petitions that are properly counted under that section.

Not all petitions filed under the habeas statute count under AEDPA's successive petition rule. For example, where a first petition is dismissed "for technical procedural reasons," *Stewart v. Martinez–Villareal,* 523 U.S. 637, 645, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998), such as failure to exhaust state remedies, *Slack v. McDaniel, 529 U.S. 473, 487, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000),* a refiling of that petition after complying with the required formalities does not qualify as "second or successive." More importantly for present purposes, even a petition that has been finally adjudicated on the merits will not count for purposes of the successive petition rule unless the second petition "attacks the same judgment that was attacked in the prior petition." *Thomas,* 136 F.3d at 229. In other words, two petitions are not "successive" under § 2244 merely because they are both brought by the same prisoner. Rather, to be considered "successive," a prisoner's second petition must, in a broad sense, represent a second attack by federal habeas petition on the same conviction. As we have previously noted, while AEDPA restricts the writ of habeas corpus, it nonetheless "ensures every prisoner one full opportunity to seek collateral review." *Ching v. United States,* 298 F.3d 174, 177 (2d Cir.2002) (internal quotation marks removed). And, it is only

after the prisoner has used the allowance of one habeas petition attacking the judgment that the second or successive petition rule restricts his ability to lodge further such attacks.

Thus, if a prisoner filed a habeas petition seeking release based on the allegation that, having been arrested for a crime, he was held for a lengthy period without trial in violation of the Constitution, AEDPA's successive petition rule would not restrict his ability to file a habeas petition challenging his eventual conviction and sentence for the underlying crime. While both petitions would concern the same arrest and the same criminal charges, only the second petition described would be an attack on the judgment of conviction. The claim of the first petition, in contrast, would be simply that the prisoner was being held "in custody in violation of the Constitution or laws or treaties of the United States" without being allowed to defend himself at trial and was therefore entitled to release pending trial. *See* 28 U.S.C. § 2241.

Petitioner finds himself in a position akin to this hypothetical prisoner. While his first petition certainly *concerned* his 1996 robbery conviction, it did not *attack* that conviction. Rather, his first petition claimed, like the hypothetical prisoner, that his due process rights were being violated because he was being held in jail without being permitted to defend himself against the charge, as guaranteed by the Constitution, by prosecuting an appeal from his conviction. *See, e.g., Harris v. Champion,* 15 F.3d 1538, 1566 (10th Cir. 1994) (holding that "[a] petitioner whose direct criminal appeal has not yet been decided ... is entitled to some form of habeas relief if he or she can establish a due process violation arising from delay in adjudicating his or her state appeal."). Essentially, like the hypothetical prisoner,

he was claiming a) a Constitutional entitlement to bail so long as the state subjected him to unreasonable delay in the adjudication of his appeal, and b) that his Constitutional right to appeal would be rendered nugatory by the delay. Moreover, the relief that he sought could have been granted without calling into question the legality of his conviction and sentence. That is, he could have been released pending the adjudication of his appeal, and if the eventual adjudication were to go against him, he would be returned to custody for the completion of his sentence. Accordingly, the present petition is the first in which Petitioner attacks the lawfulness of his conviction.

The same conclusion has been reached, for similar reasons, by a majority of the Circuits that have considered the significance, for purposes of the AEDPA, of a habeas petition that asks the court to reenter a judgment so as to give a prisoner who has missed the deadline for filing an appeal a renewed opportunity to appeal. The prevailing view is that such a petition does not count for purposes of the second or successive petition rule because it does not attack the judgment. *See In re Goddard,* 170 F.3d 435 (4th Cir.1999); *Shepeck v. United States,* 150 F.3d 800 (7th Cir. 1998); *United States v. Scott,* 124 F.3d 1328 (10th Cir.1997); *McIver v. United States,* 307 F.3d 1327 (11th Cir.2002). *But see United States v. Orozco–Ramirez,* 211 F.3d 862 (5th Cir.2000); *Pratt v. United States,* 129 F.3d 54 (1st Cir.1997).

Our own court considered an analogous question in *James v. Walsh,* 308 F.3d 162 (2d Cir.2002). James was a New York State prisoner convicted of robbery. He had filed an unsuccessful first petition under § 2254, seeking to set aside his conviction. There was no doubt that his first petition counted as a *first* petition under § 2254. He then filed a second petition

contending that he was being illegally and unconstitutionally held past the completion of his sentence because the New York prison authorities had failed to give him credits required by law and had thus miscalculated his release date. The issue before our court was whether the new petition was a second petition requiring the authorization of the court of appeals under the stringent standard of § 2244. Applying an analysis slightly different from this opinion (but not incompatible with it), we concluded that the second petition, which did not attack the lawfulness of the imposition of the judgment and could not yet have been brought at the time of the first petition (because James had not yet served past what he claimed was the limit of his sentence), did not qualify as a second or successive petition within the meaning of § 2244.

■ The proposition that petitions protesting the condition or duration of confinement, but not attacking the validity of the judgment or sentence, should not be counted toward "second or successive" petitions is, moreover, further supported by the nature of the test Congress established for determining whether a second or successive petition may be filed. The standards imposed by both § 2244 for state prisoners and § 2255 for federal prisoners require either a "new rule of Constitutional law, made retroactive to cases on collateral review" or facts underlying the claim which "would be sufficient to establish by clear and convincing evidence that ... no reasonable factfinder would have found the applicant guilty of the underlying offense." These standards have no application to a claim of the sort advanced in Petitioner's first petition or James's second. Such petitions do not attack the conviction, and, hence, the assertion of such claims do not subject the petitioner's conviction to "collateral review." They do not seek to es-

tablish his innocence, or even to question the propriety of the finding of guilt. It is manifest that in designing the standards under which a second or successive petition would be allowed, Congress was contemplating only petitions that challenged the lawfulness of the conviction and not the sort of petition advanced by our Petitioner in his first petition.[1]

We conclude that Petitioner's first petition, in which he sought release pending the state's adjudication of his appeal but did not challenge the lawfulness of his conviction, did not count under the second or successive petition rule of § 2244. This is the first petition by which he makes a collateral attack on the judgment of conviction. It is therefore not a second petition within the meaning of § 2244. As a result, the petition may be freely filed without requiring leave of the court of appeals as specified by that section.[2]

The motion for leave to file the petition is DISMISSED as unnecessary. The dis-

trict court is directed to entertain the petition.

1. It is instructive to examine what Petitioner's status would be if his imprisonment were under a federal, rather than a state, judgment. The parallel "second or successive" petition rule for federal prisoners is contained in § 2255. In referring to a "second or successive motion," this statute clearly means a "second or successive" motion or petition *under § 2255. Cf. United States v. Triestman,* 178 F.3d 624 (2d Cir.1999) (treating a § 2241 petition, following a § 2255 petition, as not subject to the AEDPA's second-petition rule). Section 2255 applies only to motions to be released "upon the ground that the *sentence was imposed* in violation of the Constitution or laws of the United States" (or other grounds similarly attacking the legality of the imposition of the sentence) (emphasis added). *See* 28 U.S.C. § 2255. For a petition *to qualify as a second or successive peti*tion under § 2255, it therefore must be at least the second petition attacking the same judgment of conviction on the ground that the sentence was not legally imposed. Because Petitioner's first petition did not contend that his sentence was illegally imposed,

his first petition, regardless how he designated it, would not have been a first petition under § 2255. It would rather have been considered a petition for habeas corpus under § 2241. It is thus clear that if Petitioner were a federal prisoner, his present petition would not be considered as a "second or successive" petition. And he would be free to file it in the district court without being obligated to seek leave of the court of appeals under the stringent standard established by § 2255 for second or successive petitions. We have no reason to believe that Congress intended its second or successive petition rule to function differently in this respect as between federal and state prisoners.

2. We recognize that the Magistrate Judge treated the petition as if it attacked the conviction, in that the Magistrate Judge recommended shortening the term of sentence. Nevertheless, the petition did not seek relief of that nature. The district court, in any event, rejected the Magistrate Judge's recommendation.