**Adrian SALAS, Petitioner,**

v.

**Robert EBERT, Superintendent, Respondent.**

No. 03 CV 4776(NG)(SMG).

United States District Court,
E.D. New York.

Feb. 23, 2004.

Adrian Sales, Pro Se, Otisville, NY, for Petitioner.

Howard B. Goodman, District Attorney of Kings County, Brooklyn, NY, for Respondent.

### *ORDER*

GERSHON, District Judge.

On September 18, 2003, petitioner brought a petition pursuant to 28 U.S.C.

§ 2254 seeking habeas corpus relief on the ground that he was denied due process of law because his attorney never perfected his appeal to the Appellate Division of the New York Supreme Court. In his Memorandum of Law filed the same day, plaintiff appears to raise claims of ineffective assistance of trial counsel; various due process claims; and challenges to the weight of the evidence and the court's *Allen* charge.

Via letter dated January 22, 2004, respondent indicated that on January 14, 2004, the Appellate Division, Second Department, granted petitioner's *pro se* motion to relieve retained appellate counsel and appointed new counsel to represent petitioner on appeal. Accordingly, the basis of the petition, that petitioner's appellate counsel failed to perfect his appeal, has been resolved. Insofar as petitioner also seeks habeas corpus relief on his other claims, these claims are clearly unexhausted as plaintiff still has a pending appeal in the state courts. 28 U.S.C. § 2254(d)(1).

For the reasons stated above, this petition is dismissed without prejudice. As the petition was filed during the pendency of a direct appeal in state court, and its purpose was to seek relief on the ground of unreasonable delay in the state appellate process, should petitioner file a Section 2254 petition following exhaustion of his state remedies, that petition will not be considered a second or successive petition under 28 U.S.C. § 2254(d)(1). *See Vasquez v. Parrott*, 318 F.3d 387 (2d Cir.2003). While *Vasquez* involved delay in the state appellate process caused by the Appellate Division and not by defense counsel, the rationale of *Vasquez*, distinguishing a challenge to delay in the appellate process from a challenge to the validity of the conviction, is equally applicable here. The Clerk of Court is directed to close the case.

**SO ORDERED.**