**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-7958**

DEREK CURTIS,

                Petitioner - Appellant,

        v.

CHESTERFIELD COUNTY COMMONWEALTH OF VIRGINIA,

                Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Claude M. Hilton, Senior District Judge.   (1:12-cv-00827-CMH-TRJ)

Submitted:  February 26, 2013        Decided:  March 5, 2013

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Derek Curtis, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derek Curtis seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 (2006) petition as impermissibly successive. We grant Curtis a certificate of appealability, vacate the judgment of the district court, and remand for further proceedings.

A district court's order denying relief on a § 2254 petition is not appealable unless a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When, as here, the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).

Our review of the record convinces us that the district court's procedural ruling was incorrect. Although Curtis' petitions are nearly identical to each other, a close reading of Curtis' first § 2254 petition reveals that it challenged only the grand larceny conviction that was entered against him in the Virginia Circuit Court for the City of

2

Petersburg. By contrast, the § 2254 petition underlying Curtis' present appeal challenged only the grand larceny conviction that was entered against him in the Virginia Circuit Court for Chesterfield County.

Even though both of Curtis' convictions stemmed from the same underlying facts and present identical claims, Curtis' present § 2254 petition is not successive: "[T]o be considered 'successive,' a prisoner's second petition must, in a broad sense, represent a second attack by federal habeas petition on the same conviction." Vasquez v. Parrott, 318 F.3d 387, 390 (2d Cir. 2003). Indeed, Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts indicates that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Rule 2(e), 28 U.S.C. foll. § 2254. See Hardemon v. Quarterman, 516 F.3d 272, 275-76 (5th Cir. 2008).

We likewise conclude that, on the sparse record before the district court, Curtis' petition stated "a valid claim of the denial of a constitutional right," Roberts v. Dretke, 356 F.3d 632, 637 (5th Cir. 2004), such that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack,

3

529 U.S. at 484 (internal quotation marks omitted). And in our view, Curtis' petition at least stated a constitutional claim, such that its sua sponte dismissal by the district court was premature. See Rule 4, 28 U.S.C. foll. § 2254 (providing for sua sponte dismissal on preliminary review "[i]f it plainly appears from the petition and any attached exhibits" that petitioner is not entitled to relief).

By this disposition, we indicate no view as to the ultimate success of Curtis' petition. We simply conclude that, while further examination of Curtis' claims may well demonstrate that they are meritless or procedurally barred, the current state of the record is insufficient to conclusively establish that his petition is doomed on these bases.

Accordingly, we grant a certificate of appealability, grant Curtis' pending motions to proceed in forma pauperis and to remand the case to the district court, vacate the district court's judgment, and remand the case to the district court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>