# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Love, 2013 IL App (2d) 120600**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ABDUL M. LOVE, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-12-0600 |
| Filed | December 19, 2013 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The denial of defendant's request for leave to file a successive postconviction petition could not be affirmed on the ground that his petition was not verified or that defendant's failure to file a notice of appeal or a motion against the dismissal of the petition within 30 days deprived the appellate court of jurisdiction to consider whether the initial petition was a petition under the Post-Conviction Hearing Act or a petition under section 2-1401 of the Code of Civil Procedure; further, in the absence of a showing that defendant met the cause prong of the cause-and-prejudice requirement for filing a successive postconviction petition, the trial court's denial of leave for the filing of defendant's amended petition was affirmed. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 06-CF-160; the Hon. Fred L. Foreman, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Alan D. Goldberg and Emily E. Filpi, both of State Appellate Defender's Office, of Chicago, for appellant.

Michael G. Nerheim, State's Attorney, of Waukegan (Lawrence M. Bauer and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

PRESIDING JUSTICE BURKE delivered the judgment of the court, with opinion.

Justice Zenoff concurred in the judgment and opinion.

Justice Schostok specially concurred, with opinion.

**OPINION**

¶ 1    Defendant, Abdul M. Love, and codefendant, Michael Nelson, were each indicted on one count of unlawful possession of a controlled substance with intent to deliver. While incarcerated and awaiting trial on the possession charge, defendant was charged with solicitation of murder for hire of two of the State's witnesses in his possession case, Nelson and Sergeant Domenic Cappelluti. Defendant was convicted of both offenses and his convictions were affirmed on direct appeal. See *People v. Love*, 2011 IL App (2d) 091274-U. On July 18, 2011, defendant filed a *pro se* "Petition for Post Conviction Relief" (initial petition), challenging the solicitation convictions pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2010)), which the trial court summarily dismissed.[1] Defendant did not appeal the summary dismissal of the petition within 30 days. Instead, on February 15, 2012, defendant filed a second *pro se* postconviction petition and on March 1, 2012, defendant filed an "Amended Second Post Conviction Petition for Relief" (amended petition). The trial court treated the amended petition as a successive postconviction petition, and it denied defendant leave to file it.

¶ 2    On appeal, defendant disputes the trial court's ruling on the amended petition. He maintains that the initial petition should be construed as a petition pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2010)), which would then effectively make the amended petition his first postconviction petition. Thus, defendant asserts, the cause should be remanded for second-stage postconviction proceedings. If, however, we agree with the trial court that the initial petition was, in fact, a postconviction petition, defendant contends that we should remand for second-stage postconviction

_____

[1]On October 6, 2011, defendant filed a *pro se* postconviction petition challenging his possession conviction and sentence, which the trial court summarily dismissed and which dismissal we recently affirmed. *People v. Love*, 2013 IL App (2d) 120030-U.

proceedings on the basis that he has demonstrated cause and prejudice for filing a successive postconviction petition. We deem the amended petition successive and affirm the trial court's denial of leave to file it.

¶ 3                                                  I. BACKGROUND

¶ 4        At a hearing on a motion to suppress statements in the solicitation case, the evidence revealed that, after defendant signed a *Miranda* waiver form, police officers informed defendant that he was under investigation for solicitation of murder and that officers had spoken with Charles Newcomb, a jailhouse informant, and Nelson, who were cooperating in the investigation. Defendant either volunteered or was asked to give his side of the story and he admitted that he wanted to hire someone to murder Nelson and Cappelluti so they could not testify against him in the possession case.

¶ 5        The State elected to proceed on the solicitation charges before proceeding on the possession charge. Following a bench trial, the trial court found defendant guilty of both counts of solicitation. The judgment was entered on October 30, 2008. After a stipulated bench trial on the possession charge, the trial court found defendant guilty. On November 20, 2009, defendant filed separate motions for a new trial in both cases, which were denied. On November 23, 2009, the trial court sentenced defendant to concurrent prison terms of 25 years for the solicitation convictions, to be served consecutively to a 15-year sentence on the possession conviction.

¶ 6        In the direct appeal of both cases, which we consolidated for review, defendant raised one issue: whether the trial court erred in denying defendant's motion to suppress statements, where the police interrogated defendant outside the presence of counsel. We affirmed. *People v. Love*, 2011 IL App (2d) 091274-U.

¶ 7        Prior to the decision in his direct appeal, on July 18, 2011, defendant filed a *pro se* "Petition for Post Conviction Relief" in his solicitation case, alleging that he was denied a hearing on the anticipated testimony of Newcomb, which was required by section 115-21(7)(d) of the Code of Criminal Procedure of 1963 (725 ILCS 5/115-21(7)(d) (West 2010)).

¶ 8        On the same day that this court affirmed defendant's convictions in the direct appeal, the trial court summarily dismissed defendant's initial petition. Relying on the plain language of section 115-21(7)(d), which provides that the statute applies only to capital cases, the trial court found that defendant's claim had no arguable basis in law or fact and was not cognizable under the Act. Because section 115-21(7)(d) was not applicable, the trial court found that defendant was not entitled to a hearing on the anticipated testimony of Newcomb. The court further noted that defendant alleged the deprivation of "a statutory right and not a constitutional right, and an allegation in a postconviction petition concerning the deprivation of this right is not proper because it does not give rise to a constitutional deprivation." The court concluded that, because of the limiting language of section 122-1(a) of the Act, alleged violations of statutes, such as section 115-21(7)(d), have no remedy under the Act.

¶ 9        Defendant did not file a motion attacking the judgment. Instead, he filed a motion for leave to file a late notice of appeal, which we denied without prejudice, allowing him the

-3-

opportunity to refile the motion in conformance with Illinois Supreme Court Rule 606(c) (eff. Mar. 20, 2009). Defendant never refiled the motion.

¶ 10   Defendant subsequently filed a *pro se* "Second Post Conviction Petition for Relief" on February 15, 2012, and a *pro se* "Amended Second Post Conviction Petition for Relief" on March 1, 2012. In the amended petition, defendant alleged, *inter alia*, that his appellate counsel in the direct appeal was ineffective for failing to argue that (1) his due process rights were violated when the prosecutor allowed Newcomb to testify falsely that he faced a sentence of "zero to eight years probation," when the prosecutor knew that Newcomb was actually facing a sentencing range of 20 years' to life imprisonment on federal charges; (2) the State committed a *Brady* violation by failing to disclose exculpatory evidence that at the time of defendant's trial Newcomb was facing a charge of theft of over $1,800 worth of government property while he was working as a confidential government informant; (3) trial counsel was ineffective for failing to investigate Newcomb's criminal history and activities and for failing to impeach Newcomb with this information; (4) the prosecutor engaged in misconduct when he failed to disclose material evidence about Nelson's work as a confidential informant; (5) defendant's sixth amendment right to confront witnesses against him was violated when the trial court limited cross-examination of Newcomb; and (6) the solicitation-of-murder-for-hire statute is unconstitutional.

¶ 11   Defendant pointed out that, at trial, Newcomb testified that he was in federal custody and facing a sentence of "[f]rom zero to eight years probation." Defendant attached documents showing that Newcomb was actually facing a sentencing range of 20 years' to life imprisonment. Defendant attached a motion from Newcomb's federal case that he "came into possession of" on February 26, 2009, in which the assistant United States Attorney sought an enhanced sentence of 20 years' to life imprisonment based on Newcomb's criminal history. Defendant also attached Newcomb's motion to continue his trial, which noted that Newcomb was working with the prosecution in defendant's case in the hope of obtaining a sentence below the 20-year minimum. Defendant also alleged that the prosecutor was aware of Newcomb's false testimony at defendant's trial. Defendant appended a two-page transcript from an *in camera* discussion between the prosecutor and the trial judge, in which the prosecutor informed the judge that, at the time of defendant's trial, Newcomb was facing a minimum sentence of 20 years' imprisonment. Defendant alleged that, despite knowing the actual sentencing range, the prosecutor failed to correct Newcomb's testimony at trial.

¶ 12   Defendant also attached the government's response to Newcomb's motion for severance of his charges, in which the government discussed that Newcomb was charged with distribution of drugs and theft of $1,800 of government "buy money" while he was working with the government as a confidential informant in a controlled buy of narcotics. Among other documents, defendant also attached an affidavit in which a special agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives detailed an investigation through which Newcomb was caught selling crack cocaine. Defendant alleged that his trial counsel did not have any knowledge of the documents from Newcomb's federal case.

¶ 13   Relying on *People v. Flores*, 153 Ill. 2d 264, 280 (1992), defendant argued cause for not including these issues in his initial petition in that they would have been premature. In support, defendant included a detailed time line showing that when he filed his initial petition

-4-

appellate counsel was representing him in his direct appeal and this court had not yet issued its decision. Defendant noted that he had filed the amended petition less than two months after the conclusion of his direct appeal.

¶ 14 On May 14, 2012, the trial court issued a memorandum opinion and order denying defendant leave to file the amended petition as a successive postconviction petition. The trial court, applying the cause-and-prejudice test, found that defendant failed to identify an objective factor that impeded his ability to raise in his initial petition the claims of ineffective assistance of appellate counsel or the underlying due-process claims. Given defendant's failure, the trial court found that defendant did not satisfy the "cause" prong of the cause-and-prejudice test and thus failed to meet the Act's requirements for filing a successive postconviction petition. Accordingly, the trial court denied defendant leave to file the amended petition. Defendant timely appeals.

¶ 15                                II. ANALYSIS

¶ 16                 A. Failure to Verify the Postconviction Petition

¶ 17 We initially address the State's contention that we should affirm the denial of leave to file the amended petition on the basis that the petition was not verified by affidavit. We rejected the same argument raised by the State in defendant's appeal of the dismissal of his postconviction petition in the possession case. See *People v. Love*, 2013 IL App (2d) 120030-U, ¶¶ 30-34.

¶ 18 In *People v. Boclair*, 202 Ill. 2d 89, 98 (2002), the supreme court held that it was improper for the trial court to dismiss a petition as untimely at the first stage of postconviction proceedings. The court reasoned that, since the burden is on the State to argue that a petition is untimely, the State could forfeit that claim by failing to raise it at the second stage of the proceedings. *Id.* Because the State is not entitled to any input at the first stage of the proceedings, the court found that it would be improper for a trial court to summarily dismiss a petition based on a ground that could be raised only by the State. *Id.* at 98-102.

¶ 19 Recently, in *People v. Cruz*, 2013 IL 113399, a postconviction petition was summarily dismissed as untimely, but following an appeal the supreme court remanded for further proceedings in light of *Boclair*. On remand, the petition proceeded to second-stage proceedings. Cruz, who had waived counsel, filed a supplemental petition asserting his lack of culpable negligence in filing an untimely petition, but he did not attach a notarized verification affidavit to the petition. *Id.* ¶¶ 9-12, 19. The State responded, arguing against the merits of Cruz's claim of lack of culpable negligence, and the trial court dismissed the petition. The State did not argue that the petition was deficient for failing to include a notarized verification affidavit. However, on appeal it did raise this claim, and the appellate court agreed, affirming the dismissal of the petition on that ground. *Id.* ¶ 16.

¶ 20 The supreme court held that, by not raising that issue in the trial court, the State forfeited its argument regarding Cruz's failure to attach a notarized verification affidavit. *Id.* ¶ 20. The court favorably cited *People v. Turner*, 2012 IL App (2d) 100819, where we applied *Boclair* to hold that the lack of a notarized verification affidavit is a nonjurisdictional procedural defect that easily may be remedied if raised in a timely manner in the trial court and thus

could not be raised for the first time on appeal. *Cruz*, 2013 IL 113399, ¶¶ 20-21 (citing *Turner*, 2012 IL App (2d) 100819, ¶¶ 41, 44). The *Cruz* court then similarly held that the State's failure to raise the lack of a notarized verification affidavit in the trial court deprived Cruz of the opportunity to correct the "alleged pleading deficiency" and deprived the trial court of the opportunity to consider the issue. *Id.* ¶ 22.

¶ 21     In comparing *Boclair*'s timeliness argument and in holding that the State forfeited its right to make the argument on appeal, *Cruz* instructs that the failure to include a notarized verification affidavit is not a proper ground for dismissal at the first stage of postconviction proceedings. See *People v. Cage*, 2013 IL App (2d) 111264, ¶ 14 (holding that the defendant's failure to attach a notarized verification affidavit to his postconviction petition was not an appropriate reason to summarily dismiss the petition and rejecting *People v. Carr*, 407 Ill. App. 3d 513 (2011), *People v. McCoy*, 2011 IL App (2d) 100424, and *People v. Hommerson*, 2013 IL App (2d) 110805, *appeal allowed*, No. 115638 (Ill. May 29, 2013). Likewise, it cannot be a proper ground for denying leave to file a successive petition. Accordingly, we reject the State's argument that the denial of leave to file defendant's amended petition may be affirmed on the basis that his petition was not verified.


¶ 22                    B. Characterization of Defendant's Initial Petition

¶ 23     To obtain postconviction relief, a petitioner must establish a substantial deprivation of a federal or state constitutional right in the proceedings that produced the judgment being challenged. See *People v. Moore*, 189 Ill. 2d 521, 533 (2000). The Act provides a three-stage process for adjudication of postconviction petitions. *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). "The Act is not a substitute for an appeal, but rather, is a collateral attack on a final judgment." *People v. Edwards*, 2012 IL 111711, ¶ 21. All issues actually decided on direct appeal are *res judicata*, and all issues that could have been raised on direct appeal, but were not, are considered forfeited. *People v. Blair*, 215 Ill. 2d 427, 443 (2005). Furthermore, the Act provides that any claim of a substantial denial of a constitutional right that is not raised in the original or amended postconviction petition is forfeited. *People v. Erickson*, 183 Ill. 2d 213, 223 (1998). Thus, a ruling on a postconviction petition "has *res judicata* effect with respect to all claims that were raised or could have been raised in the initial petition." *Id.*

¶ 24     Though only one postconviction proceeding is contemplated under the Act, the Illinois Supreme Court has provided two grounds upon which the bar against successive proceedings will be relaxed. *Edwards*, 2012 IL 111711, ¶ 22. The first basis for relaxing the bar is when a petitioner can establish "cause and prejudice" for the failure to raise the claim earlier. *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002) (now codified in section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2010))). The second basis by which the bar may be relaxed is what is known as the "fundamental miscarriage of justice" exception. *Edwards*, 2012 IL 111711, ¶ 23 (citing *Pitsonbarger*, 205 Ill. 2d at 459). "In order to demonstrate a miscarriage of justice to excuse the application of the procedural bar, a petitioner must show actual innocence." *Id.* This case involves only cause and prejudice and not a claim of actual innocence.

¶ 25     Regardless of the basis, a petitioner seeking to institute a successive postconviction

proceeding must first obtain "leave of court." *Id.* ¶ 24. It is the petitioner's burden to obtain leave of court, and he or she must submit enough in the way of documentation to allow a court to determine whether leave should be granted; further proceedings will not follow until leave is granted. *Id.*

¶ 26    Under the cause-and-prejudice test, leave of court will be denied if the petitioner is unable to demonstrate "cause" for his failure to bring the claim in his initial postconviction proceedings as well as "prejudice" resulting therefrom. *People v. Wrice*, 2012 IL 111860, ¶ 48. A petitioner "shows cause by identifying an objective factor that impeded his ability to raise a specific claim during his initial post-conviction proceedings." (Internal quotation marks omitted.) *Id.* A petitioner "shows prejudice by demonstrating that the claim not raised during his initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." (Internal quotation marks omitted.) *Id.* Leave of court should be granted when the petitioner can demonstrate both cause and prejudice with respect to each claim raised. *People v. Britt-El*, 206 Ill. 2d 331, 339 (2002).

¶ 27    Unlike an initial petition for postconviction relief, the "frivolous or patently without merit" standard is inapplicable to a successive petition for postconviction relief. *Edwards*, 2012 IL 111711, ¶¶ 25-29. In *Edwards*, the supreme court stated that applying such a standard to a successive petition "would render the 'leave of court' language in section 122-1(f) superfluous." *Id.* ¶ 26. The court noted that the first-stage standard set forth in section 122-2.1(a)(2) of the Act is conspicuously absent from section 122-1(f) of the Act, which governs successive petitions. *Id.* ¶ 27. "Where language is included in one section of a statute but omitted in another section of the same statute, we presume the legislature acted intentionally and purposely in the inclusion or exclusion." *Id.* We review *de novo* a trial court's denial of leave to file a successive postconviction petition. *People v. Edwards*, 2012 IL App (1st) 091651, ¶ 25.

¶ 28    The trial court treated the amended petition as a successive postconviction petition and denied defendant leave to file it. Defendant contends that, under the unique circumstances of this case, his amended petition should not be considered a successive postconviction petition. He maintains that the initial petition, filed while his direct appeal was pending, did not constitute a petition under the Act because its substance did not assert a violation of a constitutional right. Rather, he argues, even though it was labeled a postconviction petition, the initial petition should be characterized or construed as a section 2-1401 petition, which would then make the amended petition his first postconviction petition. Thus, he concludes, the cause-and-prejudice test is not applicable and the cause should be remanded for second-stage proceedings. Alternatively, if we find that the amended petition is a successive postconviction petition, then, he asserts, he has demonstrated cause and prejudice for filing the petition.

¶ 29    The State maintains that we lack jurisdiction to address the propriety of the trial court's order dismissing defendant's initial petition, including whether the trial court properly should have treated it as a section 2-1401 petition rather than a petition under the Act.

¶ 30    Section 122-7 of the Act provides that any "final judgment" entered upon a postconviction petition "shall be reviewed in a manner pursuant to the rules of the Supreme

Court." 725 ILCS 5/122-7 (West 2010). To preserve review of a judgment entirely disposing of a postconviction proceeding, Illinois Supreme Court Rules 651(d) (eff. Feb. 6, 2013) and 606(b) (eff. Feb. 6, 2013) require the party seeking review to file a notice of appeal within 30 days of the entry of the judgment or within 30 days of the entry of the order disposing of a timely filed motion attacking the judgment. The dismissal of a postconviction petition after first-stage review is a final judgment. 725 ILCS 5/122-2.1(a)(2) (West 2010); *People v. Dominguez*, 366 Ill. App. 3d 468, 472 (2006).

¶ 31   When defendant filed the initial petition, the trial court treated it as a petition under the Act and entered a first-stage dismissal. This order resolved all issues raised in the petition and was a final disposition under the Act. As such, the order was immediately appealable, and Rule 606(b) required that a notice of appeal be filed within 30 days of either the order or the disposition of a timely filed motion attacking it. Defendant failed to file either a notice of appeal or a motion directed against the order within 30 days of the order's entry.

¶ 32   On October 3, 2011, defendant filed a motion for leave to file a late notice of appeal, but we denied that motion on November 1, 2011, without prejudice, allowing defendant the opportunity to refile the motion in conformance with Rule 606(c). Defendant did not refile the motion. Defendant's failure to timely file a notice of appeal deprives this court of jurisdiction to consider issues relating to any part of the ruling dismissing his initial petition, including whether the petition was, in fact, a petition filed under the Act or a petition filed under section 2-1401 of the Code.

¶ 33   Nevertheless, during oral argument defendant clarified that he was not contending that the trial court should have characterized the initial petition as a section 2-1401 petition. Rather, he contends that we should look to the substance of the initial petition to determine whether the amended petition, at issue in this appeal, was a successive postconviction petition. Defendant cites federal *habeas corpus* cases to support his premise that we must consider the substance of the initial petition, without regard to the title, to determine whether the amended petition was successive. We do not find those cases persuasive here.

¶ 34   During oral argument, defendant specifically cited *Vasquez v. Parrott*, 318 F.3d 387 (2d Cir. 2003), and *Chambers v. United States*, 106 F.3d 472 (2d Cir. 1997), in support of his argument. In *Vasquez*, a state prisoner filed a motion for leave to file a successive *habeas corpus* petition brought under title 28, section 2254, of the United States Code (28 U.S.C. § 2254 (2000)). If a petition is a successive *habeas corpus* application within the meaning of the Antiterrorism and Effective Death Penalty Act of 1996 (28 U.S.C. § 2244 (2000)), it may not be filed without leave of court under the stringent standards set by section 2244. There was no question that Vasquez previously filed a section 2254 petition. However, that petition did not seek to set aside Vasquez's conviction. Rather, his first petition claimed that his due process rights were being violated because he was being held in jail without being permitted to defend himself against the charge, as guaranteed by the Constitution. The United States Court of Appeals for the Second Circuit held that, because the first petition "did not challenge the lawfulness of his conviction," which is the basis of a *habeas corpus* challenge, it "did not count under the second or successive petition rule of § 2244." *Vasquez*, 318 F.3d at 392. Therefore, the court found that the second petition was "not a second petition within the meaning of" section 2244 and thus could be freely filed without leave of the court. *Id.*

¶ 35    In *Chambers*, a federal prisoner filed a *pro se* petition challenging, *inter alia*, the lower court's finding that his petition brought under title 28, section 2255, of the United States Code (28 U.S.C. § 2255 (1994)) was successive. *Chambers*, 106 F.3d at 475. A parallel "second or successive" petition rule governs petitions under section 2255, under which a federal prisoner may seek to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or other grounds similarly attacking the legality of the imposition of the sentence. See *Vasquez*, 318 F.3d at 392 n.1. Chambers had previously filed multiple petitions labeled as seeking relief under section 2255. *Chambers*, 106 F.3d at 475. The United States Court of Appeals for the Second Circuit held that, if a prisoner erroneously labels a petition as a section 2255 petition when relief is available only under section 2241 (28 U.S.C. § 2241 (1994)), the mislabeling must be disregarded. *Id.* The court found that, because the prior petitions did not seek any relief cognizable under section 2255, Chambers' current section 2255 petition should be considered an initial section 2255 petition and therefore Chambers did not need authorization to file it.

¶ 36    Unlike in the present case, in *Chambers* the district court had relabeled the section 2255 petitions as section 2241 petitions. Here, the trial court did not relabel the initial petition, which was clearly captioned as a postconviction petition. Moreover, *Chambers* and *Vasquez* (and other federal cases cited by defendant such as *Ruth v. United States*, 266 F.3d 658, 660 (7th Cir. 2001), *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998), and *Stantini v. United States*, 140 F.3d 424, 426 (2d Cir. 1998)), which hold that the substance of the petition should be considered without regard to the label, are contrary to *People v. Shellstrom*, 216 Ill. 2d 45, 51-58 (2005), wherein our supreme court, though noting that the substance of a petition generally controls its identity, held that a court is under no obligation to recharacterize a petition. Clearly, the initial petition was filed pursuant to the Act. The fact that it was not meritorious because it did not meet the requirements of the Act is irrelevant. The trial court appropriately treated it as a postconviction petition. Accordingly, we agree with the trial court that the amended petition was a successive petition.

¶ 37    Defendant points out that, recently, the Fifth District Appellate Court applied federal *habeas corpus* law in *People v. Little*, 2012 IL App (5th) 100547, and held that a defendant should not be denied the opportunity to mount a collateral attack where he has been forced to file a postconviction petition or a petition for *habeas* relief to reinstate his right to a direct appeal. *Id.* ¶ 17. *Little* is distinguishable because in this case, unlike in *Little*, defendant was not denied his right to a direct appeal. He filed his initial petition while his direct appeal was pending.

¶ 38    Defendant also relies on the Third District Appellate Court's holding in *People v. Cheeks*, 318 Ill. App. 3d 919, 922 (2001), where the court recharacterized the defendant's postconviction petition as raising a perjury claim under section 2-1401 and remanded the cause to the trial court. *Cheeks* was based on the dissent in *People v. Brown*, 169 Ill. 2d 94 (1995).

¶ 39    In *Brown*, the defendant filed a *pro se* postconviction petition alleging that his convictions were based on false testimony, and the trial court summarily dismissed it. *Id.* at 95-96. The supreme court affirmed that dismissal, finding that, in the absence of an

allegation that the State knowingly used false testimony, the defendant failed to present a constitutional perjury claim cognizable under the Act. *Id.* at 106. The court noted that its ruling did not leave defendants who claim that their convictions are based on perjured testimony without a remedy, as they could seek relief under section 2-1401. *Id.* at 107. The defendant argued that, if the court found that the appropriate remedy for his claim was through a petition under section 2-1401, then "equity" required the trial court to consider his petition under that section. *Id.* at 108. The supreme court, however, held that the defendant had forfeited this argument because he raised it for the first time in his reply brief. *Id.*

¶ 40    The dissent in *Brown* believed that the defendant had raised a constitutional issue in his postconviction petition and that, at a minimum, the trial court should have treated the petition as having been brought under section 2-1401. *Id.* at 108-09 (Harrison, J., dissenting, joined by McMorrow and Nickels, JJ.). The dissent thus believed that the decisions of the trial and appellate courts should have been reversed and the cause remanded for a hearing on the defendant's petition. *Id.* at 109.

¶ 41    In *Cheeks*, the defendant filed a *pro se* postconviction petition alleging that the primary basis for his home invasion conviction was the false testimony of the complaining witness, but he did not assert the State's knowing use of perjured testimony. *Cheeks*, 318 Ill. App. 3d at 920. The trial court dismissed the petition as patently without merit, observing that the petition did not raise a constitutional claim upon which postconviction relief could be granted. *Id.* at 921. The defendant claimed on appeal that the trial court should have considered his petition as raising a perjury claim under section 2-1401. *Id.* The appellate court noted that to invoke postconviction relief the defendant was required to assert the State's knowing use of perjured testimony, but that the defendant could pursue this claim in a section 2-1401 petition without asserting the State's knowing use of perjured testimony. *Id.* (citing *Brown*, 169 Ill. 2d at 107). The court then observed that the defendant did not have the forfeiture problem that was noted in *Brown* and, citing the dissent in *Brown*, remanded the cause for consideration of the defendant's claim under section 2-1401, even though his petition was drafted in terms of ineffective assistance of counsel. *Id.* at 921-22 (citing *Brown*, 169 Ill. 2d at 109 (Harrison, J., dissenting, joined by McMorrow and Nickels, JJ.)). The court stated that it would be inappropriate to deny the defendant an opportunity to pursue the applicable remedy merely because he did not understand the law well enough to bring his claim under the Code instead of the Act. *Id.* at 922.

¶ 42    We decline to follow *Cheeks*. First, in remanding, *Cheeks* relied on the dissent in *Brown*, which has no precedential value. See *People v. Smythe*, 352 Ill. App. 3d 1056, 1061 (2004). Thus, *Cheeks* is unpersuasive. Moreover, *Cheeks* is distinguishable from the present case in that the Third District Appellate Court was not recharacterizing an earlier filing in order to avoid a cause-and-prejudice analysis.

¶ 43    In sum, by failing to file a notice of appeal or a motion directed against the order within 30 days, defendant deprived this court of jurisdiction to consider whether the initial petition was, in fact, a petition under the Act or a petition under section 2-1401 of the Code. Moreover, this court is not obligated to recharacterize the initial petition as a section 2-1401 petition. As such, defendant must demonstrate cause and prejudice for filing a successful postconviction petition.

¶ 44                                  C. Application of the Cause-and-Prejudice Test

¶ 45        We note that defendant cites *Pitsonbarger* to suggest that, because the proceedings on the initial petition were fundamentally deficient, the amended petition should not be subjected to the cause-and-prejudice test. After thoroughly reviewing *Pitsonbarger*, we find no such holding. The supreme court held that the cause-and-prejudice test is to be used to determine whether fundamental fairness requires that an exception be made to the forfeiture provision of section 122-3 of the Act so that a claim raised in a successive petition may be considered on its merits. *Pitsonbarger*, 205 Ill. 2d at 459. The court did state that, even if a petitioner cannot show cause and prejudice, his failure to raise a claim in an earlier petition will be excused if necessary to prevent a fundamental miscarriage of justice. However, as stated above, to demonstrate such a miscarriage of justice, a petitioner must show actual innocence, not that the proceedings on the initial petition were fundamentally deficient. *Id.* In the present case, because defendant made no claim of actual innocence in the amended petition, the claims raised in the petition must be considered forfeited unless application of the cause-and-prejudice test dictates otherwise.

¶ 46        Defendant asserts that he has established both cause and prejudice. To reiterate, "cause," for purposes of the cause-and-prejudice test, has been defined as some objective factor, external to the defense, that impeded the petitioner's ability to raise a specific claim in the initial postconviction petition. *People v. Ortiz*, 235 Ill. 2d 319, 329 (2009); *Pitsonbarger*, 205 Ill. 2d at 460 (citing *Flores*, 153 Ill. 2d at 279); see also 725 ILCS 5/122-1(f) (West 2010). A petitioner shows "prejudice" by demonstrating that the claims not raised during his initial postconviction proceedings so infected the trial that the resulting conviction or sentence violated due process. *Britt-El*, 206 Ill. 2d at 339; see also 725 ILCS 5/122-1(f) (West 2010).

¶ 47        Defendant argues that appellate counsel was ineffective for failing to raise on direct appeal the following issues: (1) the alleged violation of defendant's constitutional right to due process through the State's presentation of Newcomb's false testimony; (2) the alleged violation of due process through the State's failure to disclose exculpatory evidence regarding Newcomb's background; and (3) the alleged ineffective assistance of trial counsel for failing to impeach Newcomb with the information related to his federal charges. Further, he asserts that appellate counsel was ineffective for failing to ask this court on appeal to review transcripts sealed by the trial court about Newcomb's activities as an informant.[2]

¶ 48        Defendant explains that the claims he raised in his amended petition could not have been raised in the initial petition because his direct appeal was pending when he filed it. The initial

---

        [2]The amended petition did not specifically raise some of the issues that defendant now advances on appeal. Defendant did not allege that trial counsel failed to impeach Newcomb with information related to his federal charges; rather, he alleged that counsel failed to investigate Newcomb's and Nelson's backgrounds and failed to challenge the sufficiency of an application for a search warrant. Moreover, defendant did not allege that appellate counsel was ineffective for failing to request that this court review the sealed transcripts about Newcomb's activities as an informant.

petition was dismissed on August 31, 2011, the same day that we affirmed his convictions on direct appeal. Defendant concludes that he could not have raised the claims of ineffective assistance of appellate counsel in the initial petition because his direct appeal had not been decided yet and thus he did not know whether we would grant him any relief. Defendant cites *Flores* in support.

¶ 49    In *Flores*, the defendant could not raise the issue of ineffective assistance of appellate counsel in his first postconviction petition, because the same attorney represented him on direct appeal and in the postconviction proceedings. *Flores*, 153 Ill. 2d at 271-72. Here, while it might have been premature to allege ineffective assistance of appellate counsel while defendant's direct appeal was pending, the underlying issues alleged in his amended petition were not premature and defendant was not relying on counsel's advice or assistance in filing *pro se* the initial petition. Defendant's amended petition did not identify any objective factors that impeded his ability to raise in his initial petition the claims that he now identifies. He had the information concerning Newcomb's criminal history, and the appellate briefs had been filed before he filed his initial petition. As the trial court noted, defendant's initial petition was filed "months after all of the briefs in his direct appeal were submitted," so defendant knew which issues had been raised by his appellate counsel on direct appeal. So, "the litany of allegations in this successive post-conviction petition appears to be nothing more than the Petitioner's attempt to get a proverbial second bite at the apple following this [trial court's] rejection of the meritless theory in this initial petition."

¶ 50    Defendant has failed to demonstrate that he has met the cause prong of the cause-and-prejudice requirement for filing a successive postconviction petition, and because he has not demonstrated cause, we need not address whether he has demonstrated prejudice. Accordingly, we find that the trial court properly denied defendant leave to file his amended petition.

¶ 51                                    III. CONCLUSION

¶ 52    For the reasons stated, the judgment of the circuit court of Lake County is affirmed.

¶ 53    Affirmed.

¶ 54    JUSTICE SCHOSTOK, specially concurring.

¶ 55    For the reasons set forth in this court's decisions in *Carr*, *McCoy*, and *Hommerson*, I agree with the State that this court should affirm the denial of leave to file the defendant's amended petition on the basis that the petition was not verified by affidavit. The majority's reliance on *People v. Cruz*, 2013 IL 113399, to depart from those cases is unpersuasive, as *Cruz* does not specifically address the underlying analysis of any of those cases. Accordingly, I would affirm the trial court's judgment on the ground that the defendant failed to verify the amended petition rather than on those grounds articulated by the majority.