**UNITED STATES of America,**
**Appellee,**

v.

**James URINYI, Defendant–Appellant.**

**No. 07–0389–cr.**

United States Court of Appeals,
Second Circuit.

March 28, 2008.

Curtis J. Farber, New York, NY, for Appellant.

Michael J. Garcia, United States Attorney, (Steven D. Feldman, Celeste L. Loeleveld, Assistant United States Attorneys, Of Counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. WILFRED FEINBERG, Hon. PETER W. HALL, Circuit Judges, Hon. LEONARD B. SAND, District Judge.*

## SUMMARY ORDER

James Urinyi appeals from a judgment of conviction entered December 7, 2004, in the United States District Court for the Southern District of New York (Kaplan, J.), following Urinyi's guilty plea. Urinyi pleaded guilty to two counts: (1) conspiring to distribute and to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and (2) distributing and possessing with intent to distribute 10 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). He was sentenced on each count to 121 months' imprisonment and 5 years' supervised release, the terms to run concurrently. We assume the parties' familiarity with the facts and procedural history of the case.

At the time of his Rule 11 change of plea proceeding, notwithstanding that he had executed a written plea agreement in which he agreed "to allocute in his plea of guilty to distributing, and possessing with intent to distribute ... at least ... 350 grams of methamphetamine," Urinyi stated: "I conspired and distributed 350 grams of crystal methamphetamine to various parties in Manhattan." Urinyi argues that because he did not specifically allocute to the 50–gram or more quantity of methamphetamine charged in Count One, his plea to that count is invalid, and thus he should not have been subject to the ten-year statutory mandatory minimum sentence prescribed by 21 U.S.C. § 841(b)(1)(A). In essence, he asserts that

his plea to the first count lacked a sufficient factual basis in the record.

"We review for an abuse of discretion a district court's decision that a defendant's factual admissions support conviction on the charge to which he has pleaded guilty." *United States v. Adams,* 448 F.3d 492, 498 (2d Cir.2006). Urinyi agrees that he did not challenge before the district court the validity of his plea. Thus, we review this argument for plain error, Fed. R.Crim.P. 52(b); *United States v. Thomas,* 274 F.3d 655, 666 (2d Cir.2001), applying the four-pronged test from *United States v. Olano,* 507 U.S. 725, 732–36, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). We need not proceed beyond the first step. Because (1) Urinyi did not contest the drug quantity involved at any point during the Rule 11 proceedings; (2) he agreed to allocute to conspiring to distribute 350 grams of methamphetamine; and (3) he unequivocally pleaded guilty to in fact committing the crime with which he was charged, the district court did not abuse its discretion in finding Urinyi's factual admissions supported the plea. Thus there was no error, much less plain error.

"We have accepted a reading of the indictment to the defendant coupled with his admission of the acts described in it as a sufficient factual basis for a guilty plea, as long as the charge is uncomplicated, the indictment detailed and specific, and the admission unequivocal." *Godwin v. United States,* 687 F.2d 585, 590 (2d Cir.1982). With respect to the first count, Magistrate Judge Peck explained the indictment to Urinyi at the Rule 11 proceeding:

THE COURT: In count one you're charged with a conspiracy to distribute and possess with intent to distribute 50 grams and more of methamphetamine. That carries a maximum sentence of life

---

* The Honorable Leonard B. Sand, United States District Judge for the Southern District of New York, sitting by designation.

imprisonment and a mandatory minimum of 10 years' imprisonment, a maximum of lifetime supervised release and a mandatory minimum of five years' supervised release, a maximum fine of the greater of $4 million or twice the gross gain or loss from the offense, and a $100 mandatory special assessment. Do you understand that?

THE DEFENDANT: I do.

(Plea Hr'g Tr. at 6–7, June 14, 2004.) This charge is both (1) uncomplicated, and (2) detailed and specific, particularly as to the 50–gram drug quantity. A short while later in the Rule 11 proceedings, following an explanation of the rights Urinyi was waiving by pleading guilty, the court returned to the charges to ask:

> THE COURT: All right. Do you still wish to plead guilty at this time, Mr. Urinyi?
>
> THE DEFENDANT: I do.
>
> THE COURT: Are you doing so of your own free will, not because of any threats, but because *you are in fact guilty of the crime with which you're charged?*
>
> THE DEFENDANT: Yes, your Honor.

(Plea Hr'g Tr. at 15–16, June 14, 2004 (emphasis added).) That the district court used Urinyi's admission of guilt with respect to the specific charge in the indictment as a factual basis for the plea is not an abuse of discretion, notwithstanding Urinyi's Rule 11 statement that the quantity involved was 350 grams of crystal methamphetamine. Urinyi's Rule 11 statement does not contradict his admission of guilt with respect to the facts charged. Moreover, the district court may rely on any facts on the record at the time of the plea

proceeding in order to establish a factual basis for the plea. *See Adams,* 448 F.3d at 499. Urinyi's plea agreement with the government, which was in the record before the district court, states that: "Urinyi agrees to allocute in his plea of guilty to distributing, and possessing with intent to distribute, between approximately Summer 2002 through February 2004, at least approximately 350 grams of methamphetamine." That additional fact, especially given that Urinyi was not challenging that the conspiracy involved at least 50 grams of methamphetamine, further bolsters the district court's determination that the plea to the drug quantity charged in the first count was adequately supported by the facts.[1]

To the extent Urinyi relies on this Court's decisions that have established that "drug quantity is an element that must always be pleaded and proved to a jury or admitted by a defendant to support conviction or sentence on an aggravated offense under § 841(b)(1)(A) or (b)(1)(B)," *United States v. Gonzalez,* 420 F.3d 111, 131 (2d Cir.2005); *see also Adams,* 448 F.3d at 499, that reliance is misplaced. *Gonzalez* and *Adams* are readily distinguishable from this case because in both cases, the defendants, unlike Urinyi, had contested the drug quantity throughout their plea proceedings. *See Gonzalez,* 420 F.3d at 133; *Adams,* 448 F.3d at 501.

Urinyi asserts that the district court would have imposed a different sentence had the Guidelines been advisory. Indeed, at sentencing Judge Kaplan specifically stated:

> I don't know if it will ever prove of significance, but it has been my practice

---

1. Although at sentencing defense counsel attempted to raise the issue of the applicability of a lower Guidelines range because Urinyi had allocuted to 350 grams of crystal methamphetamine rather than 350 grams of pure methamphetamine, counsel ultimately conceded that any challenge to the validity of the underlying plea would have to be raised in a § 2255 motion for ineffective assistance of Urinyi's prior counsel and that the ten-year mandatory minimum was applicable.

98

in all cases but one since Blakely was decided to indicate that were I free of the sentencing guidelines altogether, I would have imposed the same sentence. That is not necessarily my conclusion in this case. In the event the Supreme Court invalidates the sentencing guidelines in their entirety and in the event circumstances present themselves that would give me any latitude in terms of mandatory minimums, without making any commitment or promises, I would at least consider the possibility of a different sentence in this case.

(Sentencing Hr'g Tr. at 19–20, Nov. 24, 2004.) Urinyi argues that because his sentence was imposed before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), he is entitled to a remand for resentencing. *See United States v. Crosby*, 397 F.3d 103, 117–18 (2d Cir.2005). Because his plea of guilty to the first count of the indictment stands and carries with it a mandatory minimum sentence of ten years pursuant to 21 U.S.C. § 841(b)(1)(A), it is arguable whether his 121–month sentence would be "materially different" had the district court considered the Guidelines advisory at the time of sentencing. *Id.* at 117. Based on the district court's statements at sentencing, however, we remand for the district court to determine in the first instance whether Urinyi should be resentenced.

We have considered all of Urinyi's other arguments and find them to be without merit. For the reasons stated above, the judgment of conviction is AFFIRMED and the case is REMANDED pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005).