09-3398-op
Urinyi v. United States of America

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2009

(Submitted: October 19, 2009                         Decided: June 14, 2010)

Docket No. 09-3398-op

_____

JAMES URINYI,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Before: WINTER, POOLER, Circuit Judges, and RAKOFF, District Judge[*].

_____

James Urinyi moves for leave to file a "second or successive" motion to vacate his conviction pursuant to 28 U.S.C. § 2255. Urinyi contends that his one prior Section 2255 proceeding in which he sought and obtained permission to file a late notice of appeal based on his attorney's ineffective assistance should not count when determining whether his proposed motion is "second or successive" under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). We hold that Urinyi's prior motion does not count when determining whether his

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

1

proposed motion is "second or successive" under the AEDPA, and, thus that Urinyi does not require leave of this Court to file the proposed motion in district court. The motion is therefore DENIED.

_____

JOHN V. SAYKANIC, Clinton, NJ, for Petitioner-Appellant.

PREET BHARARA, United States Attorney for the Southern District of New York, New York, NY, for Respondent-Appellee.

_____

PER CURIAM:

James Urinyi, through counsel, moves for leave to file a "second or successive" motion to vacate his conviction, pursuant to 28 U.S.C. § 2255. In a prior Section 2255 proceeding, Urinyi alleged that he had been denied effective assistance of counsel because his attorney had failed to file a timely notice of appeal from his criminal judgment, and was granted relief in the form of an extension of time to file a notice of appeal. The question before us is whether Urinyi's prior successful 2255 motion, which sought only reinstatement of the right to a direct appeal due to ineffective assistance of counsel, renders a subsequent 2255 motion challenging his conviction and sentence "second or successive" under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). We hold that Urinyi's prior motion does not count for purposes of determining whether the proposed motion is "second or successive" under the AEDPA. Urinyi does not require leave of this Court to file the proposed Section 2255 motion in district court.

2

## BACKGROUND

In June 2004, Urinyi, who was represented by counsel, pleaded guilty to one count of conspiracy to distribute, and possession with intent to distribute, 50 grams or more of methamphetamine, and one count of distributing and possessing with intent to distribute 10 grams of methamphetamine. By judgment entered in December 2004, Urinyi was sentenced to 121 months of incarceration. Urinyi failed to file a notice of appeal of the judgment. Approximately one year later, Urinyi, pro se, filed a Section 2255 motion in district court, arguing that he had been denied effective assistance of counsel because his attorney had failed to file a timely notice of appeal, despite Urinyi's explicit instruction that the attorney do so. In January 2007, following an evidentiary hearing, the district court found that Urinyi's attorney had provided ineffective assistance of counsel, granted the 2255 motion, and permitted Urinyi to file a notice of appeal out of time. See Urinyi v. United States, No. 05 Civ. 10696, 2007 WL 259934, at * 1 (S.D.N.Y. Jan. 30, 2007).

On direct appeal, Urinyi argued that his guilty plea was not knowing, voluntary, or sufficient to support his conviction, and that the district court would have imposed a lesser sentence had the United States Sentencing Guidelines been advisory at that time of the sentencing proceeding. We affirmed Urinyi's judgment of conviction in March 2008, but remanded the case to district court for resentencing pursuant to United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). See United States v. Urinyi, 271 Fed. Appx. 95 (2d Cir. 2008). On remand, the district court declined to resentence Urinyi.

In June 2009, Urinyi, through counsel, filed a second 2255 motion in district court,

presenting nine claims attacking his 2004 conviction and sentence. Relying on Urinyi's prior successful 2255 motion, the district court (Kaplan, J.) found that Urinyi's proposed motion was "second or successive" under the AEDPA, and that Urinyi must first obtain leave of this Court in order to properly file it. Thus, the district court transferred the instant motion to this Court.

In September 2009, Urinyi filed in this Court an application for leave to file a successive Section 2255 motion. However, he asserts that the proposed motion is not successive, arguing that since he filed the prior 2255 motion in order to obtain a direct appeal, and not for the purpose of challenging the 2004 conviction and sentence, the prior motion should not count when determining whether the proposed § 2255 motion is successive.

**DISCUSSION**

Under the AEDPA, a petitioner incarcerated pursuant to a federal judgment cannot bring a "second or successive" motion for habeas relief, unless he or she obtains permission from a court of appeals. See 28 U.S.C. §§ 2255(h), 2244(b). However, the AEDPA does not define the phrase "second or successive." See Thomas v. Superintendent/Woodbourne Corr. Facility, 136 F.3d 227, 229 (2d Cir. 1997). In interpreting this phrase, we have looked to the pre-AEDPA abuse-of-the-writ doctrine. See James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002); Vasquez v. Parrott, 318 F.3d 387, 389-90 (2d Cir. 2003). Under the abuse-of-the-writ doctrine, a petition is considered "second or successive" when "it raises a claim that was, or could have been, raised in an earlier petition." James, 308 F.3d at 167 (citing McCleskey v. Zant, 499 U.S. 467, 493-95 (1991)).

Our recent decisions have addressed the definition of "second or successive" in the

4

context of Section 2254 petitions.  See James, 308 F.3d at 167-68; Vasquez, 318 F.3d 389-92.  In

Vasquez, for instance, we found that "two petitions are not 'successive' under Section 2244

merely because they are both brought by the same prisoner.  Rather, to be considered

'successive,' a prisoner's second petition must, in a broad sense, represent a second attack by

federal habeas petition on the same conviction."  Id. at 390.  As we explained,

> [W]hile [the] AEDPA restricts the writ of habeas corpus, it
> nonetheless "ensures every prisoner one full opportunity to seek
> collateral review."  And, it is only after the prisoner has used the
> allowance of one habeas petition attacking the judgment that the
> second or successive petition rule restricts his ability to lodge further
> attacks.

Id. at 390 (quoting Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002)).  In a footnote, we

specifically addressed how the status of the petitioner would have been affected if he were

subject to 2255, instead of 2254.  Id. at 392 n. 1.  We found that, since the petitioner's first

petition did not contend that his sentence was illegally imposed, it would not have been

considered a first 2255 motion under the AEDPA's "second or successive" rule, regardless of

how the petitioner designated it.  Id.  We found that the petitioner's first petition would have

been considered a petition for habeas relief pursuant to Section 2241, and that the petitioner

would not require leave of this Court to subsequently file a 2255 motion in the district court.  Id.

Consistent with our reasoning in Vasquez, we hold that Urinyi's prior 2255 motion does

not render the present proposed 2255 motion a "second or successive" under the AEDPA.  As we

stated in Vasquez, nothing in the AEDPA indicates that Congress intended the "second or

successive" rules to operate differently with regard to state and federal prisoners.  318 F.3d at

391.

5

Urinyi's proposed motion falls within the parameters we outlined in the Vasquez footnote. In his prior 2255 motion, Urinyi did not contend that his sentence had been illegally imposed; he sought only reinstatement of his right to a direct appeal. After completing his direct appeal, Urinyi filed the present proposed § 2255 motion, in which he claims that he was convicted in violation of his constitutional rights. As was the case in Vasquez, "[w]hile [Urinyi's prior § 2255 motion] certainly concerned his [2004] conviction, it did not attack that conviction." Id. at 390 (emphasis in original).

Because Urinyi sought only reinstatement of the right to a direct appeal in his prior 2255 motion, we conclude that Urinyi's proposed § 2255 motion represents his "one full opportunity to seek collateral review" of his conviction and sentence. Id. Accordingly, Urinyi's proposed 2255 motion is not "second or successive" under the AEDPA, and Urinyi does not require leave of this Court to file the proposed motion in district court.

In so holding, we join a majority of our sister Circuits that have addressed the question of whether a petitioner's initial successful Section 2255 motion seeking reinstatement of the right to a direct appeal renders a subsequent 2255 motion challenging the conviction or sentence successive under the AEDPA. See Johnson v. United States, 362 F.3d 636, 638 (9th Cir. 2004); In re Olabode, 325 F.3d 166, 169-73 (3d Cir. 2003) (examining cases); McIver v. United States, 307 F.3d 1327, 1331-32 (11th Cir. 2002); In re Goddard, 170 F.3d 435, 436-38 (4th Cir. 1999); Shepeck v. United States, 150 F.3d 800, 800-01 (7th Cir. 1997) (per curiam); United States v. Scott, 124 F.3d 1328, 1330 (10th Cir. 1997) (per curiam); but see Pratt v. United States, 129 F.3d 54, 61 (1st Cir. 1997) (reaching opposite conclusion); United States v. Orozco-Ramirez, 211 F.3d 862, 869 (5th Cir. 2000) (same).

6

We agree with the reasoning embraced by the majority of the Circuits: when a petitioner is forced to use a Section 2255 motion to obtain a direct appeal, a court's barring of a subsequent 2255 motion attacking the conviction and sentence would strip the petitioner of the opportunity to lodge a "true collateral attack on his original sentence," which is the explicit purpose of Setion 2255. <u>Johnson</u>, 362 F.3d at 638. Thus, by permitting the petitioner to file a subsequent 2255 motion attacking the conviction and sentence, the petitioner is restored to the procedural posture he would have enjoyed if he had been represented by effective counsel who had timely filed a notice of appeal. See <u>Johnson</u>, 362 F.3d at 638; <u>Olabode</u>, 325 F.3d at 172; <u>McIver</u>, 307 F.3d at 1331; <u>Goddard</u>, 170 F.3d at 437-38; <u>Shepeck</u>, 150 F.3d at 801; <u>Scott</u>, 124 F.3d at 1329-30.

**CONCLUSION**

For the foregoing reasons, Urinyi's application is **DENIED** as unnecessary, and the matter is **REMANDED** to the district court with instructions to entertain Urinyi's proposed Section 2255 motion.