11-909-op
Vu v. United States

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2010

(Submitted on: May 23, 2011                    Decided: June 7, 2011)

Docket No. 11-909-op

TUAN VU,

*Petitioner*,

— v.—

UNITED STATES OF AMERICA,

*Respondent.*\*

B e f o r e:

KEARSE, LYNCH, and WALLACE,\*\* *Circuit Judges*.

Petitioner Tuan Vu applies for leave to file a successive 28 U.S.C. § 2255 motion,

challenging his 2006 murder-for-hire conviction and resulting sentence.  Because his

---

\*  The Clerk of Court is respectfully directed to amend the official caption in this case to conform to the listing of the parties above.

\*\*  The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

prior unsuccessful § 2255 motion was filed for the purpose of obtaining a direct appeal, and did not directly attack his conviction or sentence, the § 2255 motion that Vu now wishes to file is not "successive" within the meaning of 28 U.S.C. § 2255(h). We therefore deny his motion as unnecessary and transfer the matter to the district court.

———————————

Tuan Vu, Ayer, Massachusetts, *pro se*.

Brenda K. Sannes, Assistant United States Attorney, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York, *for Respondent*.

———————————

PER CURIAM:

This case requires us to consider whether a movant's prior unsuccessful motion under 28 U.S.C. § 2255 seeking reinstatement of his right to direct appeal renders a subsequent § 2255 motion challenging his conviction or sentence "successive" under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). We hold that it does not.

## BACKGROUND

Petitioner Tuan Vu pled guilty to using a facility of interstate commerce in the commission of murder for hire, in violation of 18 U.S.C. § 1958(a). In his plea agreement, Vu agreed not to "appeal or collaterally attack his conviction and any sentence of imprisonment of 120 months or less, including any related issues with respect to the establishment of the advisory Sentencing Guidelines range or the reasonableness of the

sentence imposed." The district court accepted Vu's plea of guilty and sentenced him to a 108-month term of imprisonment, followed by a three-year term of supervised release. This sentence was based in part upon an enhancement to Vu's Sentencing Guidelines range for obstruction of justice.

Seven months after his sentencing, Vu filed a § 2255 motion, alleging that his sentencing counsel was ineffective for failing to file a notice of appeal. After conducting an evidentiary hearing to determine whether Vu had directed his counsel to file an appeal, the district court concluded that he had not, and denied Vu's § 2255 motion, as well as his certificate of appealability ("COA"). Vu timely filed a notice of appeal. We denied a COA and dismissed his appeal in June 2008.

Vu now moves for authorization to file a successive § 2255 motion in order to challenge his conviction and sentence. He states that in October 2008 he filed a Freedom of Information Act ("FOIA") request with the Federal Bureau of Prisons and the U.S. Marshals Service "in order to obtain any and all documents relevant to" an obstruction-of-justice count that was dismissed prior to Vu's sentencing. He argues that, in response to his FOIA request, he received evidence demonstrating that the district court erred in applying a two-level guidelines enhancement for obstruction of justice. He also argues, inter alia, that his sentencing counsel provided ineffective assistance by failing to object to the enhancement.

We ordered the government to file a response addressing whether Vu's application is unnecessary in light of Urinyi v. United States, 607 F.3d 318 (2d Cir. 2010), and

3

Vasquez v. Parrott, 318 F.3d 387, 390 (2d Cir. 2003). In those cases, we held that a movant's prior *successful* § 2255 motion seeking reinstatement of his right to direct appeal did not render a subsequent § 2255 motion challenging the conviction or sentence successive, see Urinyi, 607 F.3d at 320-21, and that a prior 28 U.S.C. § 2254 petition, "in which [the petitioner] sought release pending the state's adjudication of his appeal but did not challenge the lawfulness of his conviction, did not count" when determining whether a subsequent § 2254 petition is "second or successive," Vasquez, 318 F.3d at 392.

In its response, the government argues (1) that Vu's application should be denied because his proposed motion would be barred by the terms of his plea agreement; (2) that neither Urinyi nor Vasquez controls Vu's application because his initial § 2255 motion was unsuccessful, unlike Urinyi's first § 2255 motion, and "requiring a petitioner to bring all of his claims in his original petition would further the purposes of finality and judicial efficiency underlying the AEDPA"; and (3) that Vu's application fails to satisfy the criteria set out in § 2255(h).

## DISCUSSION

Under AEDPA, a district court may consider a second or successive § 2255 motion only if the petitioner first obtains an order from the court of appeals authorizing consideration of the successive motion. 28 U.S.C. § 2255(h). Before determining whether to grant a petitioner's application for leave to file a successive § 2255 motion, however, this Court must first consider whether the motion would indeed be successive. Muniz v. United States, 236 F.3d 122, 125-26 (2d Cir. 2001). Generally, to be

4

successive, a second § 2255 motion must "attack[] the same judgment that was attacked in the prior [motion]," Vazquez, 318 F.3d at 390 (internal quotation marks omitted), and the prior motion must have been "decided on the merits," Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998).

The present case presents a question of first impression in this Circuit: whether a movant's initial *unsuccessful* § 2255 motion seeking reinstatement of his right to direct appeal renders a subsequent § 2255 motion challenging his conviction or sentence "successive" under AEDPA. Urinyi provides some insight into this question. There, we held that a movant's initial *successful* § 2255 motion seeking reinstatement of his right to direct appeal did not render a subsequent § 2255 motion challenging his conviction or sentence successive. 607 F.3d at 320-21. We concluded that when a movant uses a § 2255 motion to seek reinstatement of his right to a direct appeal, barring a future § 2255 motion attacking the conviction and sentence would strip him of the opportunity to lodge a "true collateral attack on his original sentence, which is the explicit purpose of [§] 2255." Id. at 321 (internal quotation marks omitted).

Although Urinyi involved a petitioner who had been successful in an initial § 2255 proceeding seeking reinstatement of his direct-appeal rights, see id., the opinion also looked to Vasquez, an earlier case that dealt with successiveness in the similar context of § 2254 petitions, see id. at 320-21; see also 28 U.S.C. § 2244(b) (applying same standard of review to consideration of "second or successive" § 2254 petitions). In Vasquez, a state defendant filed a first § 2254 petition, contending that the state court's more than

5

three-year delay in deciding his direct appeal violated his "rights to a speedy appeal and/or due process." 318 F.3d at 389. While the § 2254 petition was pending, the state court affirmed Vasquez's conviction. After the district court denied Vasquez's initial § 2254 petition, he filed another § 2254 petition seeking to set aside his state conviction. See id. We held that his prior § 2254 petition, "in which he sought release pending the state's adjudication of his appeal but did not challenge the lawfulness of his conviction, did not count" in determining whether his subsequent § 2254 petition was "second or successive." Id. at 392. In support of that conclusion, we relied on the same cases from other Circuits that we later cited in Urinyi – cases involving petitioners who succeeded with their initial § 2255 motions seeking reinstatement of their direct-appeal rights. Compare id. at 391, with Urinyi, 607 F.3d at 321 (citing cases). Furthermore, we considered the hypothetical question of what Vasquez's status would have been if he were a federal, rather than state, prisoner. We observed:

> For a petition to qualify as a second or successive petition under § 2255, it therefore must be at least the second petition attacking the same judgment of conviction on the ground that the sentence was not legally imposed. Because Petitioner's first petition did not contend that his sentence was illegally imposed, his first petition, regardless of how he designated it, would not have been a first petition under § 2255.

Vasquez, 318 F.3d at 392 n.1.

In both Urinyi and Vasquez, we reasoned that a movant who uses a petition for habeas corpus or § 2255 motion to seek reinstatement of his right to a direct appeal should not be barred from a later collateral attack on his conviction and sentence, because

6

an initial § 2255 or § 2254 petition seeking reinstatement of direct-appeal rights is not a challenge to the legality of the sentence imposed. That reasoning applies equally to the present case. Whether successful or unsuccessful, such a petition does not render a later collateral proceeding a duplicative attack on the conviction.

Accordingly, Vu's proposed § 2255 motion is not a "second or successive" motion under AEDPA, and Vu does not require leave of this Court to file the proposed motion in the district court. We therefore have no occasion to consider the government's argument that Vu's petition fails to meet the requirements for second or successive petitions.

To the extent that Vu's petition presents issues of timeliness and of the applicability of the waiver provision of his plea agreement, those issues have no bearing on whether the petition is second or successive so as to require leave from this Court. We therefore express no view on such issues and leave their resolution to the district court in the first instance. See James v. Walsh, 308 F.3d 162, 169 (2d Cir. 2002).

## CONCLUSION

For the foregoing reasons, Vu's application is DENIED as unnecessary, and the matter is TRANSFERRED to the United States District Court for the Northern District of New York with instructions to entertain Vu's § 2255 motion.