# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2011

(Submitted:  February 21, 2012        Decided: July 21, 2015)

Docket No. 12-334-op

_____

VICTOR CARRANZA,

*Petitioner-Appellant*,

- v. -

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

_____

Before:

CALABRESI, SACK, and HALL, *Circuit Judges.*

Petitioner moves for leave to file a successive 28 U.S.C. § 2255 motion.  Petitioner's proposed § 2255 motion, however, is not "second or successive" under 28 U.S.C. § 2255(h) because it seeks only to reinstate his direct-appeal rights and does not challenge the legality of the sentence imposed.  Accordingly, we deny the successive motion as unnecessary and transfer the matter to the district court with instructions that the new § 2255 motion be accepted for filing.

Victor Carranza, *pro se*, White Deer, PA.

Carrie Heather Cohen, Assistant United States Attorney
     *for* Preet Bharara, United States Attorney for the
     Southern District of New York, New York, NY.

PER CURIAM:

Petitioner Victor Carranza, proceeding *pro se*, seeks leave to file a successive 28 U.S.C. § 2255 motion raising, as relevant here, two claims: (1) that his attorney was ineffective for failing to timely file an appellate brief and appendix, which resulted in the dismissal of Carranza's direct appeal; and (2) that Carranza "has been denied proper 'access to the courts,'" due to, among other things, his attorney's ineffectiveness. We hold that, although Carranza's first § 2255 motion challenging the legality of his 2009 conviction and sentence was previously denied on the merits, his proposed § 2255 motion is not "second or successive" under 28 U.S.C. § 2255(h) because it seeks only to reinstate his direct-appeal rights and therefore does not challenge the legality of the sentence imposed. Accordingly, we deny the successive motion as unnecessary and transfer the matter to the district court with instructions that Carranza's § 2255 motion be accepted for filing.

## BACKGROUND

In July 2009, Carranza pled guilty to one count of conspiracy to distribute cocaine. The district court sentenced him principally to 151 months' imprisonment and entered its judgment of conviction in November 2009. Carranza filed a timely *pro se* notice of appeal, and his attorney in the district court, Edward V. Edens, was designated as appellate counsel. After attempting to contact Edens directly, and then issuing two orders warning of the consequences of failing to file an appellate brief and appendix, this Court dismissed Carranza's direct appeal in June 2010 for failure to comply with its scheduling orders. The mandate issued in December 2010.

2

While his direct appeal remained pending, Carranza filed a *pro se* § 2255 motion in the

district court in which he argued that his sentence should be vacated because he had received

ineffective assistance of counsel in connection with his November 2009 sentencing.  The

district court denied that motion on the merits in April 2011.  *See Carranza v. United States*,

No. 10-cv-3456, 2011 U.S. Dist. LEXIS 39381 (S.D.N.Y. Apr. 7, 2011).  Carranza did not

appeal that order.

In January 2012, Carranza moved in this Court for leave to file a successive § 2255

motion, asserting that Edens had provided ineffective assistance by failing to perfect

Carranza's direct appeal.[1]  Carranza also claims that he "has been denied proper 'access to

the courts'" due to his lack of education and Edens's ineffectiveness.[2]  *See* 2d Cir. Dkt. No.

12-334, Doc. 2 ("Mot.") at .pdf pp. 10-11.  Carranza alleges that he only "recently received"

this Court's docket sheet, from which he discovered that his appeal had been dismissed.  *Id.*

at .pdf pg. 9.  Carranza attached to his motion a copy of a letter addressed to the Illinois

Attorney Registration and Disciplinary Commission, in which he expresses his intent to

initiate disciplinary proceedings against Edens for failing to file his appeal brief as promised.

---

[1] Because Carranza filed his application on January 26, 2012, the statutory deadline for decision was February 25, 2012.  *See* 28 U.S.C. § 2244(b)(3)(D); Fed. R. App. P. 26(a). However, we may "exceed the 30-day time limit . . . where an issue requires a published opinion that cannot reasonably be prepared within 30 days . . . ."  *Galtieri v. United States*, 128 F.3d 33, 37 (2d Cir. 1997).

[2] In his motion, Carranza also claimed that his sentence had been illegally enhanced based on an erroneous finding that he was a leader in the conspiracy.  By order entered in April 2012, we denied Carranza's request for leave to file a successive § 2255 motion with respect to that claim because he had not satisfied the criteria set forth in 28 U.S.C. § 2255(h).

By order entered in April 2012, we stayed the proceedings pursuant to *Galtieri*, 128 F.3d at 37, and directed the Government to file a response addressing whether Carranza's present motion is necessary in light of *Vu v. United States*, 648 F.3d 111 (2d Cir. 2011) (per curiam), and *Urinyi v. United States*, 607 F.3d 318 (2d Cir. 2010) (per curiam). In those cases, we held that a movant's first § 2255 motion seeking reinstatement of his right to direct appeal, whether successful, *see Urinyi*, 607 F.3d at 320-21, or unsuccessful, *see Vu*, 648 F.3d at 113-14, did not render a subsequent § 2255 motion challenging the conviction or sentence "successive" within the meaning of § 2255(h).

The Government responded that *Vu* and *Urinyi* "should not be extended to permit a second Section 2255 motion to reinstate an appeal after [a] defendant has [had] a full opportunity to bring a collateral attack." 2d Cir. Dkt. No. 12-334, Doc. 24 ("Gov't Resp.") at 5. It contends that: (1) both *Urinyi* and *Vu* are limited to a "particular chronology" not present here—an initial § 2255 motion seeking only reinstatement of the movant's right to appeal, followed by a later § 2255 motion substantively attacking the conviction or sentence; (2) neither case purports to upset the "general rule that a [§ 2255 movant] is required to assert all available claims in his or her collateral attack on the conviction and sentence" and, therefore, Carranza should have raised his present claims in his first § 2255 motion, either when it was first filed or by amending it after this Court dismissed his direct appeal; and (3) Carranza's motion fails to satisfy the requirements of § 2255(h). *Id.* at 5-7.

Carranza generally argues that his proposed § 2255 motion is not successive because it does not seek to challenge the legality of his underlying conviction and, instead, seeks only to reinstate his direct-appeal rights.

4

**DISCUSSION**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a petitioner incarcerated pursuant to a federal judgment cannot file a "second or successive" § 2255 motion in the district court unless he or she first obtains authorization from the court of appeals by demonstrating that certain statutory requirements have been met. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3). Such authorization is unnecessary, however, if the proposed § 2255 motion is not "second or successive" within the meaning of § 2255(h). *See Whab v. United States*, 408 F.3d 116, 118 (2d Cir. 2005). While the term "second or successive" is not defined by the statute, we generally have held that to be considered successive, a new § 2255 motion must "attack the same judgment that was attacked in the prior motion, and the prior motion must have been decided on the merits." *Vu*, 648 F.3d at 113 (citations, internal quotation marks, and alterations omitted).

The district court denied Carranza's first § 2255 motion on the merits in April 2011. The determination of whether this newly proposed § 2255 motion is "successive" therefore turns on whether it constitutes an "attack" on the same November 2009 judgment of conviction challenged in the first § 2255 motion. The holdings of *Urinyi* and *Vu*, as well as the nature of Carranza's claim, compel us to conclude that it does not.

In *Urinyi* and *Vu*, we held that the movants' second § 2255 motions, which challenged the legality of their sentences, were not successive because their initial § 2255 motions sought only reinstatement of their direct-appeal rights on the ground that their attorneys were ineffective for failing to file timely notices of appeal. *See Vu*, 648 F.3d at 112; *Urinyi*, 607 F.3d at 319. The *Urinyi* movant's initial § 2255 motion was successful in

5

reinstating his right to appeal and, following that appeal, he sought leave to file a second § 2255 motion presenting nine claims attacking his conviction and sentence. *See Urinyi*, 607 F.3d at 319-20. Relying on our precedent developed in the context of habeas applications brought by state prisoners, we explained that two requests for habeas relief are not "successive" simply "because they are both brought by the same prisoner." *Urinyi*, 607 F.3d at 320 (quoting *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003)). Instead, a second application for habeas relief is considered "successive" if it "represent[s] a second attack by federal habeas petition on the same conviction." *Id.* (quoting *Vasquez*, 318 F.3d at 390). We therefore held that Urinyi's second § 2255 motion was not "successive" because although his initial § 2255 motion that sought to reinstate his direct appeal "certainly *concerned* his . . . conviction, it did not *attack* that conviction." *Id.* at 321 (citation and internal quotation marks omitted). Thus, we concluded that Urinyi's second § 2255 motion constituted his first full opportunity to seek collateral review of his conviction and sentence and that, by permitting him to file his second motion, he was "restored to the procedural posture he would have enjoyed if he had been represented by effective counsel who had timely filed a notice of appeal." *Id.*

In *Vu*, we held that the movant's prior *unsuccessful* § 2255 motion that sought reinstatement of his direct appeal also did not render "successive" a later § 2255 motion challenging the legality of his conviction and sentence. *See* 648 F.3d at 113-14. Distilling the reasoning of *Urinyi* and *Vasquez*, we concluded that "an initial § 2255 or § 2254 petition seeking reinstatement of direct-appeal rights is not a challenge to the legality of the sentence imposed." *Id.* at 114. Accordingly, we held that, "[w]hether successful or unsuccessful," a

6

motion that seeks reinstatement of direct-appeal rights "does not render a later collateral proceeding a duplicative attack on the conviction." *Id.*

Here, Carranza's allegations that his attorney "intentionally allowed his appeal rights to be lost," and that he "has been denied proper 'access to the courts'" as a result, Mot. at .pdf pp. 9-11, state a claim of ineffective assistance of appellate counsel based on his attorney's failure to perfect Carranza's direct appeal. These allegations, like allegations that direct-appeal rights have been lost due to counsel's failure to file a notice of appeal, represent a different species of ineffective assistance claim than those which assert that counsel's performance was deficient during the trial or with respect to the arguments raised on a perfected appeal. This is because counsel's failure to file an appeal or failure to perfect an appeal "deprive[s] [the defendant] of more than a *fair* judicial proceeding; that deficiency deprive[s] [the defendant] of the appellate proceeding altogether." *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000). When a defendant shows that counsel's error led to the "forfeiture of the proceeding itself," therefore, "prejudice will be presumed . . . and [the] defendant is entitled to a new appeal without showing that his appeal would have likely merit." *Campusano v. United States*, 442 F.3d 770, 773 (2d Cir. 2006) (citations and internal quotation marks omitted); *see also McHale v. United States*, 175 F.3d 115, 119-20 (2d Cir. 1999) (failure to perfect appeal constitutes ineffective assistance without the need to show that the appeal would have had merit). The remedy for such ineffective assistance claims reflects their nature—a successful claimant is not entitled to a new trial or a full resentencing, but rather simply to reinstatement of the appeal he lost due to counsel's deficient performance. *See McHale*, 175 F.3d at 119-20 & n.4 (finding that the normal remedy for attorney's failure to

file a notice of appeal is a remand and the "ministerial" entry of a new judgment, and holding that the remedy for counsel's failure to perfect a direct appeal is recall of the mandate and reinstatement of the original appeal); *see also Johnson v. United States*, 362 F.3d 636, 638 (9th Cir. 2004) (noting that "when a defendant loses the opportunity to appeal due to constitutionally defective counsel, the point of the § 2255 remedy is to put the defendant back in the position he would have been in" had his lawyer provided him with effective assistance (citation, internal quotation marks, and alterations omitted)).

Accordingly, even if relief were granted on Carranza's proposed § 2255 ineffective assistance claim, such relief would not involve a court passing judgment on, or even considering, the propriety of his underlying conviction or sentence. While Carranza's proposed claim certainly "*concern[s]*" his November 2009 conviction, it does not "*attack*" that conviction. *Urinyi*, 607 F.3d at 321. We therefore hold, in line with *Urinyi* and *Vu*, that Carranza's proposed § 2255 motion is not "second or successive" within the meaning of AEDPA because it is not a duplicative "challenge to the legality of the sentence imposed." *Vu*, 648 F.3d at 114; *see also Vasquez*, 318 F.3d at 392 n.1 ("For a petition to qualify as a second or successive petition under § 2255, it . . . must be at least the second petition attacking the same judgment on the ground that the sentence was not legally imposed.").[3]

---

[3] The Government suggests that *Vu* may be "read to imply" that claims seeking the reinstatement of direct-appeal rights are not § 2255 claims at all and argues that such a reading is "overbroad and incorrect." Gov't Resp. at 6-7. We note that we have repeatedly considered such claims within the context of § 2255. *See, e.g.*, *Campusano*, 442 F.3d at 772; *Hernandez v. United States*, 202 F.3d 486, 488-89 (2d Cir. 2000); *McHale*, 175 F.3d at 117. In any event, we need not address whether *Vu* implies as much because we do not rely on any such implication to reach our holding today. Rather, we recognize only that the claim raised

We are not persuaded by the Government's argument that the "particular chronology" of *Urinyi* and *Vu*—an initial § 2255 motion seeking reinstatement of direct-appeal rights followed by a subsequent § 2255 motion mounting substantive attacks on the conviction and sentence—renders those holdings inapplicable here. As noted above, permitting Carranza to file his proposed § 2255 motion merely affords him the opportunity to be restored to the "same procedural posture he would have enjoyed if he had been represented by effective counsel" on appeal. *Urinyi*, 607 F.3d at 321. Carranza has had his "one full opportunity to seek collateral review of his sentence," *id.*; what he has been denied is his opportunity to present his arguments on direct appeal from the judgment of conviction. Providing him an avenue to seek reinstatement of that direct appeal is therefore "consonant with our practice of permitting a petitioner not only a direct appeal, but one full opportunity" for collateral review. *Wall v. United States*, 619 F.3d 152, 155 (2d Cir. 2010) (citation and internal quotation marks omitted).

We further observe that the concerns expressed in *Urinyi* and *Vu*, about depriving a criminal defendant of his "one full opportunity to seek collateral review of his sentence," *Urinyi*, 607 F.3d at 321 (citation and internal quotation marks omitted), are only heightened when it comes to deprivation of a direct appeal. A direct appeal fundamentally differs from a collateral attack on a sentence, most prominently because the constitutional right to the

---

in Carranza's proposed § 2255 motion differs from many other § 2255 claims in that, for the reasons discussed in the text, it does not call into question the propriety of the underlying conviction or sentence and, therefore, does not constitute an "attack" on that conviction or sentence for purposes of AEDPA's restriction on "second or successive" § 2255 motions. *Urinyi*, 607 F.3d at 321.

effective assistance of counsel extends to direct appeal, *see Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001), but not to collateral proceedings, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). We have also stressed that a "collateral challenge may not do service for an appeal" given, *inter alia*, the "higher hurdle[s]" associated with collateral attacks and the fact that errors which may justify reversal on direct appeal do not necessarily warrant collateral relief. *Soto v. United States*, 185 F.3d 48, 54 (2d Cir. 1999); *see also Garcia v. United States*, 278 F.3d 134, 138 (2d Cir. 2002). As such, our holding today merely follows our precedents, which "take very seriously the need to make sure that defendants are not unfairly deprived of the opportunity to appeal." *Campusano*, 442 F.3d at 775.

We note, finally, the absence of any jurisdictional impediment to Carranza's direct appeal proceeding after the conclusion of his § 2255 proceedings. While we generally prefer that direct appeals conclude before § 2255 proceedings begin, this preference is not jurisdictional and derives from concerns over judicial economy. *See United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002) ("[T]here is no *jurisdictional* bar to a district court's consideration of a § 2255 motion during the pendency of a direct appeal."). We also note that even if Carranza's proposed § 2255 motion is successful, the appropriate remedy would simply be the recall of this Court's December 2010 mandate and the reinstatement of his original appeal. This remedy would not disturb the district court's underlying judgment. *See McHale*, 175 F.3d at 119-20 (finding that, where the defendant "filed a timely notice of appeal, thereby invoking our appellate jurisdiction . . . we need not remand for sentencing or even for entry of a new judgment" in order to reinstate his defaulted appeal).

The Government also argues that because Carranza could have included his present ineffective assistance claim in his first § 2255 motion, he is now barred by the traditional abuse of the writ doctrine from raising it in a second motion. *See Roccisano v. Menifee*, 293 F.3d 51, 58 (2d Cir. 2002) (a habeas petition may "be dismissed for abuse of the writ if it assert[s] a claim that the petitioner could have raised in a prior petition" (citing *McCleskey v. Zant*, 499 U.S. 467 (1991)). In *Urinyi*, however, we explicitly cited the abuse of the writ doctrine, noting that we have looked to that doctrine for assistance in interpreting AEDPA's "second or successive" phrase. *See Urinyi*, 607 F.3d at 320 (citing *James v. Walsh*, 308 F.3d 162, 167 (2002)). By permitting Urinyi to file a second § 2255 motion raising claims attacking his 2004 judgment—which he presumably could have raised at the time he filed the initial § 2255 motion seeking only the reinstatement of his right to appeal—we implicitly acknowledged that the abuse of the writ doctrine presented no obstacle to the filing of the second § 2255 motion. *See id.* at 320-21. We cannot discern, and the Government has not provided, any persuasive reason why the outcome should be different here. *Cf. Esposito v. United States*, 135 F.3d 111, 113 (2d Cir. 1997) (noting that pre-AEDPA decisions found no abuse of the writ "when the two petitions attacked different criminal judgments").

We hold that Carranza's proposed § 2255 motion is not "second or successive" under AEDPA. He is therefore not required to obtain leave from this Court to file his proposed

motion in the district court, and we need not consider the Government's argument that the

proposed motion fails to meet the gatekeeping requirements of § 2255(h).[4]

## CONCLUSION

For the foregoing reasons, Carranza's motion for leave to file a successive § 2255

motion is **DENIED** as unnecessary, and the matter is **TRANSFERRED** to the United

States District Court for the Southern District of New York with instructions that Carranza's

§ 2255 motion be accepted for filing.

---

[4] To the extent the Government argues that Carranza's proposed § 2255 motion would be untimely, that issue "has no bearing on whether the petition is second or successive." *Vu*, 648 F.3d at 114. We therefore express no views on this issue and leave it to the district court to resolve in the first instance. *See id.*