**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHESTER L. BIRD,

    Petitioner - Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS STATE
PENITENITARY WARDEN; WYOMING
ATTORNEY GENERAL,

    Respondents - Appellees.

No. 17-8034
(D.C. No. 2:17-CV-00027-NDF)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Chester L. Bird is a Wyoming habitual offender serving concurrent life sentences

for kidnapping and sexual assault, to which he pleaded guilty. After prior unsuccessful

collateral attacks, he filed the habeas petition underlying this appeal. He alleged he has

been denied direct review of his conviction by the Wyoming Supreme Court because it

treated an appeal challenging the validity of his plea as an appeal from the denial of

collateral review. The district court dismissed the petition without prejudice for lack of

jurisdiction, holding that it was second or successive and that a transfer to this court for

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

potential authorization under 28 U.S.C. § 2244(b)(3) would be futile. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Bird requests a certificate of appealability (COA) to permit review of the district court's decision. Because "reasonable jurists could [not] debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), we deny a COA and dismiss the appeal.

Bird's habeas petition claims he has been "deprived of a speedy direct appeal in violation of his constitutional right under the Sixth and Fourteenth Amendment[s]." R. at 19. Some background will clarify the thrust—and successive nature—of that claim.

Shortly after he was convicted and sentenced, Bird sought to withdraw his plea on the ground that he had been misinformed about the maximum sentence he faced for the offenses of conviction. Before accepting the plea, the state trial court had overstated the sentence, saying Bird faced the possibility of three consecutive life terms, two for the substantive offenses of kidnapping and sexual assault and one for his habitual-offender status. The latter is not a separate crime but merely the basis for enhancing sentence on the substantive offenses, so Bird faced at most two life terms. *See Bird v. State*, 901 P.2d 1123, 1127-28 (Wyo. 1995). Counsel filed an appeal from the judgment of conviction, while Bird sent a pro se letter to the trial court seeking to withdraw his plea, citing a violation of Wyo. R. Crim. P. 11(b)(1) (before accepting a guilty plea, the trial court must ensure the defendant understands "the maximum possible penalty provided by law"). Although the trial court simply forwarded the letter to counsel, the Wyoming Supreme Court construed its action as "the automatic denial of [the] request" and reviewed that

2

constructive denial in Bird's appeal from his conviction. *Bird*, 901 P.2d at 1128. It

affirmed on the basis that Bird had not shown the erroneous statement of the maximum

sentence was sufficiently prejudicial to warrant relief:

> We cannot discern how Bird was prejudiced in any way by the initial
> misstatement of the maximum sentence. That misstatement was corrected
> in Bird's presence prior to sentencing and Bird, in fact, was sentenced to
> only two, not three, life sentences which were made to run concurrently.
> Bird had an opportunity to comment with respect to sentencing, and another
> opportunity to inform the court of any reason why it should not pronounce
> sentence. He declined each offer.
>
> Bird does not claim, nor can he, that he was threatened, directly or
> indirectly, with three consecutive life sentences should he not plead guilty.
> The misstatement occurred after Bird had advised the court through counsel
> of his desire to enter pleas of guilty. The erroneous statement did not
> induce Bird to change his plea from not guilty to guilty. . . . We are
> satisfied no substantial right held by Bird was affected, and he was not
> prejudiced in any respect. No miscarriage of justice occurred.

*Id.* at 1130 (footnote omitted).

As alluded to above, Bird's objection to this analysis is that it was predicated on

the supreme court's characterization of the posture of the matter as "not a direct appeal

from a plea of guilty but, instead, . . . an appeal from the denial of a motion to withdraw a

plea of guilty (essentially a collateral attack)." *Id.* Given that characterization, the court

required Bird to demonstrate that the error entailed a miscarriage of justice affecting

substantial rights, rather than requiring the State to show that the error was harmless. *Id.*

at 1130 (analogizing Bird's burden to that of a federal defendant seeking collateral relief

for trial error under 28 U.S.C. § 2255). By contrast, in other appeals from plea-based

convictions, both before and after Bird's, the court has reviewed similar plea challenges

under a constitutional harmless error standard requiring the State to show harmlessness

3

beyond a reasonable doubt. *See, e.g.*, *Ingalls v. State*, 46 P.3d 856, 863 (Wyo. 2002) (following *Stice v. State*, 799 P.2d 1204, 1208 (Wyo. 1990)). Bird's habeas petition claims this divergent treatment has deprived him of the direct appeal to which Wyoming law entitles criminal defendants. *See* R. at 25 ("Although properly presented with a [Rule] 11 violation in [*Bird v. State*], at no time has the Wyoming Supreme Court afforded Bird a direct appeal from his pleas of guilty, wherein the Wyoming Supreme Court has not required the State of Wyoming to prove that [the error] . . . was harmless beyond a reasonable doubt[.]" (internal quotation marks omitted)).

The district court held that Bird was pursuing a second or successive habeas petition for which he had not obtained circuit authorization under 28 U.S.C. § 2244(b). And, noting that Bird had recently sought and been denied such authorization for the same claim, it concluded dismissal rather than transfer was appropriate. We agree on both points.

Bird's objection to the Wyoming Supreme Court's analysis and disposition of his challenge to his plea has been available to him ever since *Bird v. State* was decided some 22 years ago—well before he filed his first habeas petition in 1998. The instant petition is therefore facially second or successive. *See United States v. Williams*, 790 F.3d 1059, 1069 (10th Cir.) (claim is second or successive if it "existed at the time of [an] initial habeas petition"), *cert. denied*, 136 S. Ct. 604 (2015).

Bird seeks to avoid this conclusion by framing his petition as objecting not to the Wyoming Supreme Court's adjudication of his appeal in *Bird v. State* but to the supreme court's ongoing "*delay* in adjudicating [that] direct criminal appeal," Opening Br. at 5

4

(emphasis added), which he insists is "in appellate limbo . . . and remains alive and unconcluded," *id.* at 8 (citations and internal quotation marks omitted). This distinction serves as the premise for his reliance on case law indicating that a petition seeking to remedy a lost (or unreasonably delayed) direct appeal is not deemed successive to a prior petition challenging the underlying conviction. *See Carranza v. United States*, 794 F.3d 237, 239-42 (2d Cir. 2015). We need not consider whether to follow *Carranza*, because Bird's premise is spurious: the Wyoming Supreme Court's decision in *Bird v. State* formally disposed of the only appeal perfected by Bird following his conviction (he does not claim that he filed separate appeals from his conviction and the denial of his request to withdraw his plea). While he objects to the manner and substance of the court's disposition,[1] his objections do not alter the basic fact that his appeal from the judgment of conviction was conclusively resolved in 1995, years before he pursued his first habeas petition. This is not a case involving delay in the disposition of a pending appeal.

It is also beyond debate that the district court properly exercised its discretion to dismiss the habeas petition, rather than transfer it to this court to consider authorization of Bird's successive claim, in light of our recent denial of authorization for another version of the same claim. We held:

> Mr. Bird's . . . claim is that the Wyoming Supreme Court committed a procedural error by applying the wrong standard of review during his first appeal. Mr. Bird has not established that he could not have discovered the factual predicate for this claim previously through the exercise of due

---

[1] Bird contends, for example, that the supreme court erred in treating as a formal ruling the trial court's action forwarding to counsel his pro se request to withdraw his plea and in reviewing that ruling (under a collateral review standard) instead of the validity of his plea-based conviction itself (under a direct review standard).

diligence. Nor would the facts underlying the claim be sufficient, in light of the evidence as a whole, to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense. *See* 28 U.S.C. § 2244(b)(2)(B).

*In re Bird*, No. 16-8076, Order at 3 (10th Cir. July 28, 2016) (brackets and internal quotation marks omitted). Bird contends his claim here is different, but that contention is based on the spurious distinction discussed above. Stripped of its contrived guise as a challenge to delay in the disposition of an appeal actually resolved 22 years ago, the claim Bird wishes to pursue is just another variant of his objection to the standard of review applied by the Wyoming Supreme Court in *Bird v. State*.

The application for a COA is denied and the appeal is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk