[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10379
Non-Argument Calendar

_____

D.C. Docket Nos. 2:16-cv-00558-JES-CM,
2:94-cr-00038-JES-1

JOE HARRY PEGG,

                                                              Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                              Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 7, 2018)

Before WILLIAM PRYOR, GRANT and HULL, Circuit Judges.

PER CURIAM:

Joe Harry Pegg, a federal prisoner, appeals the district court's dismissal of his pro se 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. On appeal, Pegg argues that the district court erred in concluding that his § 2255 motion was an impermissible successive motion without authorization from this Court. After review, we affirm the district court's dismissal.

## I.  BACKGROUND FACTS

### A.    1996 Conviction and Sentence

Pursuant to a plea agreement in 1994, Pegg pled guilty to conspiracy to import marijuana, in violation of 21 U.S.C. §§ 963, 960(b)(1)(G). At his 1996 sentencing, the district court denied Pegg's motion to withdraw his guilty plea and imposed a 360-month sentence. Pegg did not file a direct appeal.

### B.    1997 First § 2255

In 1997, Pegg filed his first, counseled § 2255 motion. Pegg's § 2255 motion raised two claims: (1) that his trial attorney rendered ineffective assistance of counsel based on a conflict of interest arising out of privileged communications his attorney had with one of Pegg's co-conspirators; and (2) that the district court abused its discretion in denying Pegg's motion to withdraw his guilty plea.

During a four-day evidentiary hearing, the district court heard testimony from Pegg's attorneys. One attorney testified about why he believed an appeal of the denial of Pegg's motion to withdraw his guilty plea would have been

2

unsuccessful.  See United States v. Pegg, 49 F. Supp. 2d 1322, 1329-30 (M.D. Fla. 1999).  Afterward, the district court denied Pegg's § 2255 motion.  Id. at 1334. The district court concluded that (1) the attorney's conflict had not adversely affected his representation of Pegg, and (2) Pegg had procedurally defaulted his challenge to the denial of his motion to withdraw his guilty plea by not raising it in a direct appeal.  Id. at 1331-33.  This Court affirmed.  Pegg v. United States, 253 F.3d 1274 (11th Cir. 2001).

**C.    2005 Application to File a Successive § 2255**

In 2005, Pegg filed an application in this Court that requested authorization to file a second or successive § 2255 motion in the district court.  Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), before a federal prisoner may file a second or successive § 2255 motion, he first must obtain an order from this Court authorizing the district court to consider the motion.  28 U.S.C. §§ 2244(b)(3)(A), (C), 2255(h).  Without this Court's authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion to vacate.  United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005).  Furthermore, this Court can grant authorization for only two types of claims: (1) claims based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant

3

guilty of the offense," or (2) claims based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that [were] previously unavailable."  28 U.S.C. §§ 2244(b)(3)(A), (C), 2255(h).

Pegg's 2005 application stated that he wished to raise a claim that his sentence exceeded the statutory maximum penalty in violation of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).  In 2006, this Court denied Pegg's application because Booker had not been made retroactive to cases on collateral review.

**D.    2016 Second § 2255 Motion Filed in the District Court**

In July 2016, Pegg pro se filed his second in time § 2255 motion directly in the district court.  Pegg did not obtain this Court's authorization before filing this second in time § 2255 motion.

Pegg's second § 2255 motion in 2016 now argued that his trial counsel back in 1996 was ineffective for having failed to file a timely notice of appeal of his conviction and sentence.  In the district court, Pegg argued that his second § 2255 motion was not "second or successive" because it sought only to reinstate his direct appeal rights and did not challenge the legality of his sentence.

In November 2017, the district court dismissed Pegg's second § 2255 motion as impermissibly successive.  The district court noted that Pegg already had filed one § 2255 motion back in 1997, which was denied on the merits, and had not

4

obtained permission from this Court to file another § 2255 motion, as required by § 2255(h).  The district court concluded that absent an order from this Court authorizing Pegg's 2016 successive motion, the district court lacked jurisdiction to review the § 2255 motion.  Pegg timely appealed.[1]

## II.  DISCUSSION

### A.    Out-of-Time Appeals

Where a federal defendant's counsel failed to timely appeal his criminal conviction, a district court may grant the defendant an out-of-time appeal as a remedy, pursuant to a first § 2255 motion, by vacating the original judgment and reimposing the same sentence.  United States v. Phillips, 225 F.3d 1198, 1200-01 (11th Cir. 2000).  This allows the defendant to timely appeal the newly reimposed sentence.  Id.  Further, a § 2255 movant who is granted an out-of-time appeal may file a second § 2255 motion.  McIver v. United States, 307 F.3d 1327, 1330 (11th Cir. 2002).  The second § 2255 motion in these circumstances is not "second or successive" because it challenges "the new judgment" that was entered to permit the out-of-time appeal, not the judgment at issue in the first § 2255 motion.  Id.

---

[1]The district court's order also denied a motion for declaratory judgment that Pegg filed on his criminal docket.  On appeal, Pegg does not challenge the denial of that motion and thus has abandoned it.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

The problem for Pegg is that he did not raise his request for an out-of-time appeal in his first § 2255 motion in 1997. Rather, he raised it in 2016, in a numerically second and successive § 2255 motion.

## B.     Pegg's 2016 Motion is "Second or Successive"

As noted earlier, to file a second or successive § 2255 motion, a federal prisoner must obtain authorization from this Court to do so. Pegg admits he did not seek or obtain such authorization. Rather, he claims his numerically second in time § 2255 motion should not be considered "successive."

The phrase "second or successive" is not self-defining in the AEDPA statute. Stewart v. United States, 646 F.3d 856, 859 (11th Cir. 2011). This Court has interpreted that phrase as barring numerically second or successive § 2255 motions where the basis for the claim existed when the first § 2255 motion was filed or the movant could have raised the claim in an earlier filed motion, but without a legitimate excuse, failed to do so. Id.; Boyd v. United States, 754 F.3d 1298, 1301 (11th Cir. 2014). However, we have recognized "a small subset of unavailable claims that must not be categorized as successive," including those in which the basis for the prisoner's claim did not exist until after the prisoner's first § 2255 motion was fully adjudicated. Id. at 863-65 (involving the subsequent

vacatur of the prisoner's career offender predicate convictions after his first § 2255 proceedings had concluded).[2]

Here, the district court did not err in dismissing Pegg's second, unauthorized § 2255 motion for lack of jurisdiction.  Pegg already had filed one § 2255 motion in 1997, after his trial attorneys failed to file a direct appeal in 1996.  In fact, one of Pegg's claims in his first § 2255 motion was that his attorneys had failed to file an appeal challenging the denial of his motion to withdraw his guilty plea.  See Pegg, 49 F. Supp. 2d at 1330.  Thus, Pegg apparently knew no appeal had been filed.  Yet, in that first § 2255 motion, Pegg did not request an out-of-time appeal.[3]

In other words, the basis for Pegg's ineffective assistance claim in his 2016 § 2255 motion existed in 1997 and could have been raised in his first § 2255 motion.  In addition, Pegg's 2016 § 2255 motion, although it requested an out-of-time appeal, challenged the same judgment he already had challenged in his first § 2255 motion.  Under our precedent, Pegg's 2016 § 2255 motion was in fact second and successive.  See Stewart, 646 F.3d at 863; McIver, 307 F.3d at 1330.  Thus, before Pegg could file a second § 2255 motion, he needed to seek an order

---

[2]This Court reviews de novo a district court's conclusion that a § 2255 motion is "second or successive" under the AEDPA.  Stewart v. United States, 646 F.3d 856, 858 (11th Cir. 2011).

[3]Because Pegg's second § 2255 motion was filed many years after his conviction and sentence became final, the government alternatively argued that it was untimely under 28 U.S.C. § 2255(f).  Pegg responded that he was entitled to equitable tolling due to his attorneys' professional misconduct.  Given that the district court did not address the time-bar issue, we do not address it either.

from this Court giving him authorization to do so.  See 28 U.S.C.

§§ 2244(b)(3)(A), 2255(h).  Because Pegg did not obtain such authorization before

filing his § 2255 motion in 2016, the district court lacked jurisdiction and was

required to dismiss it.  See Holt, 417 F.3d at 1175.

We recognize that Pegg cites the Second Circuit's Carranza v. United States,

794 F.3d 237, 238 (2d Cir. 2015).  However, Pegg's case is fundamentally

different from Carranza.  The basis for the claim in Carranza—the attorney's

failure to file an appeal brief—occurred after the defendant had already filed his

first § 2255 motion.  See 794 F.3d at 239.  Unlike the proposed § 2255 motion in

Carranza, Pegg's second § 2255 motion raised a ground—his attorneys'

ineffectiveness for failing to file a notice of appeal in 1996—that already existed at

the time Pegg filed his first § 2255 motion in 1997.  Pegg's second § 2255 motion,

therefore, was "second or successive."[4]

In sum, the district court correctly concluded that Pegg's 2016 § 2255

motion was "second or successive" within the meaning of the AEDPA.  Because

Pegg did not get permission from this Court to file his second § 2255 motion, the

district court did not have jurisdiction to consider it.  See Holt, 417 F.3d at 1175.

Accordingly, the district court properly dismissed Pegg's second § 2255 motion for

lack of jurisdiction.

---

[4]In any event, Carranza is not binding on this Court.  See United States v. McGarity, 669 F.3d 1218, 1266 n.66 (11th Cir. 2012).

8

**AFFIRMED.**